UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GRAHAM ORR AND SARAH VOLLMER** | * | **CIVIL ACTION NO.** |
| | * | |
| | * | **SECTION** |
| **PLAINTIFFS** | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **QUEST LOGISTICS, LLC, DAVID ROWLAND, TRUE NORTH COMPANIES, LC, AND THE CINCINNATI INSURANCE COMPANY** | * | |
| | * | |
| | * | **A JURY TRIAL IS DEMANDED** |
| **DEFENDANTS** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

TO:  The Honorable Judges
of the United States District Court
for the Western District of Louisiana

Defendants, David Rowland, Quest Logistics, LLC ("Quest Logistics"), and Cincinnati Insurance Company, through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby file this Notice of Removal of the action entitled *Graham Orr and Sarah Vollmer versus Quest Logistics, LLC, David Rowland, True North Companies, LC, and The Cincinnati Insurance Company* bearing cause number 634637 filed in 1st Judicial District Court for the Parish of Caddo, State of Louisiana. In support of its Notice of Removal, Defendants respectfully represent that:

1

## INTRODUCTION

1.

This civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by David Rowland, Quest Logistics, and Cincinnati Insurance Company under the provisions of 28 U.S.C. § 1441(a). This civil action is among diverse parties who are citizens of different States, and Plaintiffs' claims involve an amount in controversy that exceeds $75,000.00, exclusive of costs and interests.

2.

Plaintiffs Graham Orr and Sarah Vollmer commenced the above-captioned action on January 7, 2022, in the 1st Judicial District Court for the Parish of Caddo. *See* Exhibit "A," State Court Record, See Petition for Damages. Plaintiffs' allegations stem from a January 16, 2021, motor vehicle accident that occurred on Interstate 20 in the Parish of Caddo. *Id.* at ¶ 7. Plaintiffs allege that David Rowland was at fault for causing the accident, which Defendants denied. *Id.* at ¶ 11. Plaintiffs further allege that Mr. Rowland was in the course and scope of his employment with Quest Logistics and that Quest Logistics is vicariously liable for the alleged fault of David Rowland. *Id.* at ¶ 8 and 12.

3.

Plaintiffs further allege in their Petition for Damages that Cincinnati Insurance Company issued a policy of insurance to Quest Logistics and/or David Rowland that provides coverage for the subject accident. *Id.* at ¶ 10. Plaintiffs also allege in their Petition for Damages that TrueNorth Companies, LLC issued a policy of insurance to Quest Logistics and/or David Rowland that provides coverage for the subject accident. *Id.* at ¶ 9.

4.

On February 2, 2022, Plaintiffs filed a First Amended and Supplemental Petition for Damages naming Zurich American Insurance Company as an additional defendant. Exhibit "A," State Court Record, See First Amended and Supplemental Petition for Damages. Plaintiff alleges that Zurich American Insurance Company issued a policy of insurance to Quest Logistics and/or David Rowland that provides coverage for the subject accident. *Id.* at ¶ 12.

5.

David Rowland was served via the Louisiana Long Arm Statute on January 25, 2022. Quest Logistics was served via the Louisiana Long Arm Statute on January 25, 2022. Cincinnati Insurance Company was served through the Louisiana Secretary of State on January 19, 2022. TrueNorth Companies, LC was served via the Louisiana Long Arm Statute on January 25, 2022. Zurich American Insurance Company was served via the Louisiana Secretary of State on February 14, 2022.

**COMPLIANCE WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

6.

Plaintiffs' Petition for Damages and First Amended and Supplemental Petition for Damages did not specify their damages or other injuries. *Id*. Accordingly, the Petition for Damages did not affirmatively reveal on its face that Plaintiffs are seeking damages in excess of the minimum jurisdictional amount of the federal court. *See Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 400 (5th Cir. 2013). However, on June 16, 2022, Defendants received "other paper" from Plaintiffs' counsel, making it "unequivocally clear and certain" that the subject case is removable and the potential damages exceed the jurisdictional requirement of $75,000.00. *See Darensburg v.*

*NGM Ins. Co.*, 2014 WL 4072128, *2 (E.D. La. Aug. 13, 2014). Accordingly, this Notice of Removal is timely filed as it is being filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §§ 1446(b)

7.

The 1st District Court for the Parish of Caddo is located within the United States District Court for the Western District of Louisiana. Therefore, venue is proper in the Western District of Louisiana in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

8.

Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), a copy of all process, pleadings, and orders that comprise the state court record is attached as Exhibit "A," State Court Record.

9.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel avers that contemporaneously with the filing hereof, David Rowland, Quest Logistics, and Cincinnati Insurance Company have given notice to all adverse parties whose identities are known, and they have filed a copy of this Notice of Removal with the Clerk of the State Court. Exhibit "B," Notice to State Court and Adverse Party of Filing of Notice of Removal.

10.

Co-defendant Zurich American Insurance Company consents to this Notice of Removal. *See* Exhibit "C," Consent to Removal.

11.

Co-defendant TrueNorth Companies, LC was not properly joined in this matter; therefore, its consent is not required. More specifically, TrueNorth Companies, LC did not issue any policies of insurance to David Rowland and/or Quest Logistics. *See* Exhibit "D," Affidavit of Trent Tillman. "As a general rule, removal requires the consent of all co-defendants." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). On multiple occasions, the Fifth Circuit has held that consent of an improperly or fraudulently joined defendant is unnecessary for removal, as 28 U.S.C. § 1446 requires only "that all then-served properly joined defendants join in the removal action." *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988) (emphasis added); *Jernigan,* 989 F.2d at 815 (holding that a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined); and *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir 2007) (confirming that the absence of consent from defendants that the removing party asserted were improperly joined did not render the removal invalid.) Thus, the consent of TrueNorth Companies, LC is not required for removal, and all properly joined defendants join in and consent to this removal. Nevertheless, out of an abundance of caution, TrueNorth Companies, LC consents to this removal. *See* Exhibit "D," Affidavit of Trent Tillman

**DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

12.

This Court has original jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332(a) because this is a civil action where (a) the parties in interest are citizens of different States and (b) the amount in controversy exceeds $75,000.00.

**All Properly Joined Parties are Diverse**

13.

There is complete diversity of citizenship between the Plaintiff and the properly joined Defendants named in this matter. Plaintiffs' Petition for Damages alleges that Graham Orr and Sarah Vollmer are domiciled in Harrison County, Texas. *See* Exhibit "A," State Court Record, See Petition for Damages, ¶ 1.

14.

Quest Logistics, LLC is an Iowa Limited Liability Company with its principal place of business in the State of Iowa. *See* Exhibit "E," Iowa Secretary of State Record. Quest Logistics, LLC's sole member is William Zenk, a citizen of the State of Iowa. Therefore, Quest Logistics, LLC is considered an Iowa citizen and is diverse from the Texas Plaintiffs.

15.

Defendant David Rowland is domiciled in the State of Ohio. *See* Exhibit "A" at ¶ 2B. Therefore, Defendant Rowland is considered an Ohio citizen and is diverse from the Texas Plaintiffs.

16.

Defendant Cincinnati Insurance Company takes on the citizenship of its insured, Quest Logistics, LLC, for the purposes of determining diversity in a direct-action lawsuit under 28 U.S.C. § 1332(c)(1)(A). Further, Cincinnati Insurance Company is an Ohio corporation with its principal place of business in Fairfield, Ohio. *See* Exhibit "F," Louisiana Department of Insurance Record for Cincinnati Insurance Company. Therefore, Cincinnati Insurance Company is considered to be a citizen of Iowa and Ohio and is diverse from the Texas Plaintiffs.

17.

Defendant Zurich American Insurance Company takes on the citizenship of its insured, Quest Logistics, LLC, for the purposes of determining diversity in a direct-action lawsuit under 28 U.S.C. § 1332(c)(1)(A). Further, Zurich American Insurance Company is a New York corporation with its principal place of business in New York, New York. *See* Exhibit "G," Louisiana Department of Insurance Record for Cincinnati Insurance Company. Therefore, Zurich American Insurance Company is considered to be a citizen of Iowa and New York and is diverse from the Texas Plaintiffs.

18.

TrueNorth Companies, LC is an Iowa Limited Liability Company with its principal place of business in the State of Iowa. Iowa Secretary of State Record. Upon information and belief, at least one member is a citizen of Texas. However, as detailed below, TrueNorth Companies, LC was not properly joined; thus, its citizenship should not be considered for removal.

19.

In the original Petition for Damages, Plaintiffs named TrueNorth Companies, LC as a defendant and alleged that it issued a policy of insurance bearing number NTL4295256 to Quest Logsitics, LLC and/or David Rowland. See Exhibit "A," State Court Record, See Petition for Damages at ¶ 9. Realizing their error, Plaintiffs filed a First Amended and Supplemental Petition for Damages adding Zurich American Insurance Company. In their amended petition, Plaintiffs allege that Zurich American Insurance Company issued a policy of insurance bearing number NTL4295256 to Quest Logsitics, LLC and/or David Rowland. See Exhibit "A," State Court

Record, See First Amended and Supplement Petition for Damages at ¶ 12. Yet, Plaintiffs failed to dismiss TrueNorth Companies, LC.[1]

20.

The allegations in Plaintiffs' Petition for Damages and First Amended and Supplemental Petition for Damages, as they relate to TrueNorth Companies, LC, have no basis in fact. TrueNorth Companies, LC is a commercial insurance agency that does not underwrite insurance policies. See Exhibit "D," Affidavit of Trent Tillman. As such, it does not now nor has it ever insured David Rowland and/or Quest Logistics, LLC. *Id.* Accordingly, TrueNorth Companies, LC was not properly joined as a defendant, and its naming should not preclude Defendants from choosing to avail themselves of a federal forum through Removal.

21.

Because Plaintiffs have no arguable or reasonable basis on which to state a cause of action against TrueNorth Companies, LC, the entity was improperly joined. The citizenship of TrueNorth Companies, LC must be disregarded for purposes of determining diversity jurisdiction.

22.

Complete diversity exists for removal jurisdiction because the above-described action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that no "properly joined and served" defendant as of the time of removal is a citizen of Texas, the Plaintiff's state of citizenship, or of Louisiana. 28 U.S.C. §§ 1332, 1441, 1446.

---

[1] Upon information and belief, Plaintiffs agreed to voluntarily dismiss True North Companies, LC, but no dismissal has been filed to date.

## The Amount in Controversy Exceeds $75,000.00

23.

Plaintiffs' allegations stem from a motor vehicle accident resulting in personal injury. In the Petition, Graham Orr alleges that he "suffered and will continue to suffer personal injuries and physical pain for an indefinite period of time, both mental and physical together with the disability to engage in normal social and physical activities and he fears such conditions will be permanent." Exhibit "A," Petition for Damages at ¶ 13. Likewise, Sarah Vollmer alleges that she "suffered and will continue to suffer personal injuries and physical pain for an indefinite period of time, both mental and physical together with the disability to engage in normal social and physical activities and she fears such conditions will be permanent." *Id.* at ¶ 14.

24.

Plaintiffs did not plead a monetary sum for damages, nor did they allege that their damages exceeded the requisite amount for federal jurisdiction pursuant to 28 U.S.C. §§ 1332.

25.

"Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages…the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir.2000) (internal citations omitted).

26.

On June 16, 2022, counsel for Plaintiffs provided undersigned counsel with Plaintiffs' medical and billing records. Based upon information provided by Plaintiffs' counsel, Ms. Vollmer

has suffered alleged injuries to her neck and back. To date, she has undergone chiropractic treatment, two cervical ESIs, and cervical medial branch block injections. Her known medical expenses are $35,776.64. Exhibit "H," Select Medical Records and Bills (Redacted). This does not include general damages claimed by Ms. Vollmer. Regarding general damages, the plaintiff in *Blanchard v. Allstate Ins. Co*., 2018-06745 (Civil District Court 07/23/21) received a general damage award of $55,000 after undergoing three ESIs. In *Thain v. Nationwide Ins. Co.,* 665,697 (19th JDC 02/25/21), the plaintiff received a general damage award of $70,000 after suffering herniated discs that required conservative care, and the plaintiff had a recommendation for ESIs at the time of trial. Lastly, in *Malek v. Mollere,* 798-645 (24th JDC 03/31/21), the plaintiff received $48,000 in general damages after suffering three non-surgical disc bulges.

27.

Based on the injuries allegedly sustained, the past and future medical expenses alleged, it is clear that Ms. Vollmer's potential damages exceed the jurisdictional minimum of $75,000.00 under 28 U.S.C. §§ 1332(a).

28.

Ms. Vollmer has not sought to limit her damages in any way. While Defendants admit no liability, nor causation for any element of damages, Defendants have met their burden of showing that Ms. Vollmer's claims exceed the jurisdictional amount required for removal pursuant to 28 U.S.C. §§ 1332 and 1441. For the foregoing reasons, Defendants submit that the amount in controversy reasonably exceeds $75,000.00, and this Court is vested with subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

29.

It is unclear at this point whether the claims of Mr. Orr do as well. However, "a federal court may exercise supplemental jurisdiction over any claims 'so related' to the claim within the court's original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2000). *Daigle v. Borden Chem., Inc.*, CIV.A. 03-2100, 2003 WL 22671726 (E.D. La. Nov. 7,2003) (citing *In re Abbott Labs*, 51 F.3d 524, 529 (5th Cir. 1995). See also *Grant v. Chevron Phillips Chem. Co*., 309 F.3d 864, 873 (5th Cir. 2002) (holding that the jurisdictional amount is satisfied as to all diverse plaintiffs when the potential recovery of only one plaintiff exceeds 1332's threshold).

30.

Mr. Orr's claim arises out of the fact that he was allegedly injured while riding in the same vehicle as Ms. Vollmer, and during the same accident. Thus, both claims clearly arise from a "common nucleus of operative fact" and are subject to supplemental jurisdiction in this court." *Carey v. E.I. DuPont de Nemours & Co*., 209 F. Supp. 2d 641, 648-649 (M.D. La. 2002) (holding supplemental jurisdiction proper over related claims and giving a thorough explanation of the law).

31.

Defendants have filed this Notice of Removal within 30 days of receiving the medical records and bills from Ms. Vollmer where it is alleged that damages will exceed $75,000.00. Accordingly, it is timely pursuant to 28 U.S.C. §1446(b)(3), which provides "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the Defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

## **CONCLUSION**

32.

For all the reasons outlined above, this civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by David Rowland, Quest Logistics, and Cincinnati Insurance Company under the provisions of 28 U.S.C. §§ 1441(a). The properly joined parties have diverse citizenships, and the claims involve an amount in controversy that exceeds $75,000.00, exclusive of costs and interests.

33.

This removal is made with Defendants reserving all rights to assert and plead any and all defenses to the claims presented by Plaintiff.

34.

Defendants are entitled to and request a jury trial on all issues so triable.

35.

The Notice of Removal is signed pursunt to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE**, Defendants David Rowland, Quest Logistics, LLC and Cincinnati Insurance Company pray that the above action now pending in the 1st District Court for the Parish of Caddo, State of Louisiana, be removed to this Honorable Court and for a trial by jury of all issues of fact.

Respectfully submitted,

*/s/:  Heather N. Shockley*
**MICHAEL R. SISTRUNK** (Bar No. 12111)
**HEATHER N. SHOCKLEY** (Bar No. 33296)
McCRANIE, SISTRUNK, ANZELMO,
  HARDY, McDANIEL, & WELCH, LLC

                195 Greenbriar Boulevard, Suite 200
                Covington, LA   70433
                Telephone:     (504) 831-0946
                Facsimile:      (800) 977-8810
                Email: msistrunk@mcsalaw.com
                Email: hmn@mcsalaw.com
                ***Attorneys for Defendants, David Rowland, Quest Logistics, LLC ("Quest Logistics") and Cincinnati Insurance Company***

## CERTIFICATE OF SERVICE

    I hereby certify that on the 15th day of July, I electronically filed the foregoing with the Clerk of Court for the Western District of Louisiana using the CM/ECF system and notice of this filing will be sent to all counsel of record either by depositing a copy of same in the United States mail, first class postage prepaid, or by e-mail or by facsimile transmission.

                */s/: Heather N. Shockley*
                **HEATHER N. SHOCKLEY**