GRAHAM ORR
AND
SARAH VOLLMER

NO. _634637·A_____

VERSUS

1ST JUDICIAL DISTRICT COURT

QUEST LOGISTICS, LLC,
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY

CADDO PARISH, LOUISIANA

## PETITION FOR DAMAGES

The Petition of GRAHAM ORR, Individually, and SARAH VOLLMER,

Individually, hereinafter referred to as "Petitioners," respectfully represents the following:

1.

Named as Petitioners herein are the following:

A.   GRAHAM ORR, a person of the full age of majority, domiciled in Longview, Harrison County, Texas.

B.   SARAH VOLLMER, a person of the full age of majority, domiciled in Longview, Harrison County, Texas.

2.

Named Defendants herein are the following:

A.   QUEST LOGISTICS, LLC, a limited liability company organized pursuant to the laws of the State of Iowa and whose registered agent for process of service is: Bill Zenk, 500 1st Street SE, Cedar Rapids, IA 52401;

B.   DAVID ROWLAND, a person of the full age of majority, domiciled in North Canton, Stark County, Ohio, who may be served at 1935 Red Coach Rd., North Canton, OH 44720;

C.   TRUE NORTH COMPANIES, LC a foreign insurance company organized pursuant to the laws of the State of Iowa and whose registered agent for process of service is: Randall Rings, 501 1st Street SE, Cedar Rapids, IA 52401; and

D.   THE CINCINNATI INSURANCE COMPANY, a foreign insurance company organized pursuant to the laws of the State of Ohio and who may be served through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.



PGS _4_ EXH _2_ MIN _✓_
CC _4_ CP ___ MAIL _4_ N/J ___
INDEX _6_ REC ___ FAX ___
W/D DOC ___ CERT MAIL ___
SERVICE _4_ ___

$750 FILED
JAN 07 2022

Exhibit A

3.

The collision herein complained of occurred:

A.    On I-20 east bound near the Monkhouse Drive entrance ramp;

B.    In Shreveport, Caddo Parish, Louisiana;

C.    On or about January 16, 2021, at approximately 11:15 a.m.

4.

Jurisdiction is proper in this Honorable Court as the acts and omissions complained of herein occurred in the Parish of Caddo and State of Louisiana.

5.

Petitioner GRAHAM ORR shows that at all pertinent times on January 16, 2021, he was traveling east bound on Interstate 20, in Shreveport, Caddo Parish, Louisiana, operating his 2004 GMC Yukon, VIN 1GKEC13V14R258625, with his passenger, Petitioner SARAH VOLLMER, and slowed his vehicle for a funeral precession which had entered east bound Interstate 20 via the Monkhouse Dr. east bound entrance ramp.

6.

Petitioner ORR stated that he observed the funeral procession entering east bound Interstate 20 via the east bound Monkhouse Dr. entrance ramp and slowed his vehicle behind a 2021 KIA Soul, being driven by JoAnn Frierson, who had also slowed for the funeral precession.

7.

Petitioners show that at all pertinent times on January 16, 2021, Defendant, DAVID ROWLAND (hereinafter "Defendant Rowland"), was the owner of and was operating a 2020 Freightliner Cascadia, VIN 3AKJHHDRXLSKR7511, bearing Kentucky license plate number 50515T, and towing a trailer owned by Defendant, QUEST LOGISTICS, LLC (hereinafter "Defendant Quest"), bearing US DOT number 3410791.  Defendant Rowland's tractor-trailer was directly behind Petitioner ORR'S vehicle on Interstate 20,

Exhibit A

when he failed to observe the slowed vehicles. Suddenly and without warning, Defendant Rowland's vehicle struck the rear of Petitioner ORR'S vehicle, causing injuries and damages to Petitioners, ORR and VOLLMER.

8.

Upon information and belief, Defendant, DAVID ROWLAND, was in the course and scope of his employment with Defendant, QUEST LOGISTICS, LLC, an Iowa limited liability company.

9.

Upon information and belief, Defendant, TRUE NORTH COMPANIES, LC (hereinafter "Defendant True North"), at all times relevant herein, had in full force and effect liability insurance policy number NTL4295256, under which it agreed to pay claims for damages caused by its insured, Defendant, QUEST LOGISTICS, LLC and/or Defendant DAVID ROWLAND.

10.

Upon further information and belief, Defendant, THE CINCINNATI INSURANCE COMPANY (hereinafter "Defendant Cincinnati Insurance"), at all times relevant herein, had in full force and effect liability insurance policy number EBA0576583, under which it agreed to pay claims for damages caused by its insured, Defendant, QUEST LOGISTICS, LLC and/or Defendant DAVID ROWLAND.

11.

Petitioners ORR and VOLLMER allege that Defendant ROWLAND was negligent in the following non-exclusive list of particulars:

A.   In failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

B.   In failing to stop;

C.   In failing to maintain his vehicle under control;

D.   Driving in an inattentive or distracted state;

3

Exhibit A

E.   Driving his vehicle in a dangerous, wanton and reckless manner;

F.   In failing to observe Petitioner's vehicle;

G.   In failing to give proper and adequate warning of the approaching of his motor vehicle although such warning was necessary to ensure the safe operation of Defendant's motor vehicle;

H.   In failing to veer left or right to avoid the collision;

I.   In failing to act as a reasonable or prudent driver would have acted under similar circumstances;

J.   Inattention to the flow of traffic and failing to keep a proper look out; and

K.   Other acts of negligence known to Defendant Rowland and to be proven at the trial of this matter.

Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Petitioners' injuries and damages.

12.

Defendant, QUEST LOGISTICS, LLC, is vicariously liable for the torts of its employees, such as DAVID ROWLAND, acting in the course and scope of their employment.

13.

As a result of the aforementioned collision, Petitioner ORR has suffered and will continue to suffer personal injuries and physical pain for an indefinite period of time, both mental and physical together with the disability to engage in normal social and physical activities and he fears such conditions will be permanent.

14.

As a result of the aforementioned collision, Petitioner VOLLMER has suffered and will continue to suffer personal injuries and physical pain for an indefinite period of time, both mental and physical together with the disability to engage in normal social and physical activities and she fears such conditions will be permanent.

4

Exhibit A

15.

As a result of the aforementioned collision and the injuries sustained therein, Petitioner ORR has incurred damages which he itemizes as follows:

A.  Past, present and future medical expenses;

B.  Past, present and future pain, suffering, mental anguish, distress and loss of social functions;

C.  Past, present and future loss of wages and loss of earning capacity; and

D.  Past, present and future loss of ability to engage in his normal and usual social, recreational and family activity.

16.

As a result of the aforementioned collision and the injuries sustained therein, Petitioner VOLLMER has incurred damages which she itemizes as follows:

A.  Past, present and future medical expenses;

B.  Past, present and future pain, suffering, mental anguish, distress and loss of social functions;

C.  Past, present and future loss of wages and loss of earning capacity; and

D.  Past, present and future loss of ability to engage in her normal and usual social, recreational and family activity.

17.

Petitioner ORR further desires that this Honorable Court award general damages unto Petitioner ORR to compensate him for pain, suffering, inconvenience and mental anguish that he has suffered and will continue to suffer as a result of the aforementioned collision.

18.

Petitioner VOLLMER further desires that this Honorable Court award general damages unto Petitioner VOLLMER to compensate her for pain, suffering, inconvenience and mental anguish that she has suffered and will continue to suffer as a result of the aforementioned collision.

5

Exhibit A

19.

Petitioner ORR further shows that his damages, past, present, and future, were caused by the negligence of Defendant ROWLAND, who is liable for the compensation of said damages along with his employer and the owner of the trailer, QUEST LOGISTICS.

20.

Petitioner VOLLMER further shows that her damages, past, present, and future, were caused by the negligence of Defendant ROWLAND, who is liable for the compensation of said damages along with his employer and the owner of the trailer, QUEST LOGISTICS.

21.

Petitioner ORR further shows that he incurred damages to his vehicle involved in the incident, his 2004 GMC Yukon, VIN 1GKEC13V14R258625, and that Defendants ROWLAND and QUEST LOGISTICS are liable unto him for such damages.

22.

It will be necessary to use medical witnesses and/or expert witnesses of various fields at the trial of this case and that their respective fees together with any expenses for taking of their respective depositions should be fixed and taxed against Defendants herein as costs.

WHEREFORE, PETITIONERS PRAY THAT:

1.    Defendants be served with a copy of this Petition and be cited to appear and answer the same;

2.    Defendants be directed to produce and file into Court, within the delays allowed by law for pleading to this Petition, the following documents;

   A.    All statements taken from Petitioners;

   B.    All photographs taken of the vehicles involved;

   C.    All photographs taken at the scene of the collision; and

Exhibit A

D.  Any and all policies of public liability or property damage insurance covering this collision.

3.  After due proceedings are had, that this Honorable Court render judgment herein in favor of Petitioners, GRAHAM ORR and SARAH VOLLMER, and against Defendants, DAVID ROWLAND, QUEST LOGISTICS, LLC, TRUE NORTH INSURANCE COMPANY, and THE CINCINNATI INSURANCE COMPANY, at their cost for such sums as this Honorable Court may direct and/or for any award justified under law for the damages sustained by Petitioners as a result of this subject collision;

4.  Expert and medical witnesses' fees to be fixed and taxed as costs; and

5.  For all general and equitable relief.

Respectfully submitted,

Patrick R. Jackson
Louisiana State Bar Roll No. 25722
Patrick R. Jackson, APLC
4442 Viking Dr., #100
Bossier City, LA  71111
(318) 752-3335
(318) 752-3315 (facsimile)
ATTORNEY FOR PETITIONERS

**PLEASE SERVE:**

DAVID ROWLAND
1935 Red Coach Rd.
North Canton, OH 44720

QUEST LOGISTICS, LLC
Through Its Registered Agent:
Bill Zenk
500 1st Street SE
Cedar Rapids, IA 52406

TRUE NORTH COMPANIES, LC
Through Its Registered Agent:
Randall Rings
500 1st Street SE
Cedar Rapids, IA 5240

Exhibit A

AND

THE CINCINNATI INSURANCE COMPANY
Through the Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

8

Exhibit A

GRAHAM ORR                                NO._____
AND
SARAH VOLLMER

VERSUS                                    1ST JUDICIAL DISTRICT COURT

QUEST LOGISTICS, LLC,
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY                         CADDO PARISH, LOUISIANA

## ORDER

The foregoing Petition considered:

IT IS HEREBY ORDERED that Defendants be served with a copy of this Petition

and cited to appear and answer same.

IT IS FURTHER ORDERED that Defendants produce and file into Court, within

the delays allowed by law, the following documents:

A.   All statements taken from Petitioner;

B.   All photographs taken of the vehicles involved;

C.   All photographs taken at the scene of the collision; and

D.   Any and all policies of public liability or property damage insurance covering
     this collision.

Shreveport, Caddo Parish, Louisiana, this the 10th day of ____Jan.____, 2022.

_____
DISTRICT JUDGE

**Exhibit A**

10

# PATRICK R. JACKSON

### (A PROFESSIONAL LAW CORPORATION)
Licensed in Louisiana and Texas

4442 Viking Drive, Suite 100                                                    Telephone: (318) 752-3335
Bossier City, Louisiana 71111                                                   Facsimile: (318) 752-3315
E-Mail: pjackson@bossierlawoffice.com                                           Toll Free: (800) 757-3335

January 7, 2022

**_Via Hand Delivery_**

Mr. Mike Spence
Caddo Parish Clerk of Court
501 Texas St., #103
Shreveport, LA  71101

  Re: *Graham Orr and Sarah Vollmer v. Quest Logistic, LLC, David Rowland,*
    *True North Companies, LC, and The Cincinnati Insurance Company;*
    *1st Judicial District Court, Caddo Parish, Louisiana*

Dear Mr. Spence:

  Enclosed please find the original and five (5) copies of the *Original Petition for Damages* in the above referenced case.  Please file the original, return a "filed" stamped copy to me, and use the other copies for service as follows:

DAVID ROWLAND
1935 Red Coach Rd.
North Canton, OH 44720

QUEST LOGISTICS, LLC
Through Its Registered Agent:
Bill Zenk
500 1st Street SE
Cedar Rapids, IA 52406

TRUE NORTH COMPANIES, LC
Through Its Registered Agent:
Randall Rings
500 1st Street SE
Cedar Rapids, IA 5240

AND

Exhibit A

THE CINCINNATI INSURANCE COMPANY
Through the Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

    I have also enclosed my check in the amount of $750.00 to cover your fees in this regard.  In the event you have any questions, please do not hesitate to give me a call.

Very truly yours,

Patrick R. Jackson

PRJ/kkw

Enclosures

Cc:     Goudarzi & Young *(Via facsimile @  1-900-843-2026 w/ enclosures)*

Exhibit A

balleyb

CPCC.CVJ101243

# Long-Arm Citation

GRAHAM  ORR, ET AL
       VS
QUEST LOGISTICS LLC, ET AL

NO. 634637 – A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    TRUE NORTH COMPANIES LC

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days after you have received these
documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the
Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within THIRTY
(30) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date January 10, 2022.

*Also attached are the following:     **MIKE SPENCE, CLERK OF COURT**

_____  REQUEST FOR ADMISSIONS OF FACTS

_____  INTERROGATORIES

_____  REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____

_____                                Deputy Clerk

PATRICK R JACKSON
Attorney

# FILE COPY

Exhibit A

baileyb                                                                    CPCC.CV.3101276

# Long-Arm Citation

GRAHAM  ORR, ET AL                          NO. 634637 – A
VS                                          STATE OF LOUISIANA
QUEST LOGISTICS LLC, ET AL                  PARISH OF CADDO
                                            FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:     QUEST LOGISTICS LLC

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days after you have received these
documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the
Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within THIRTY
(30) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date January 10, 2022.

     *Also attached are the following:          **MIKE SPENCE, CLERK OF COURT**

_____  REQUEST FOR ADMISSIONS OF FACTS

_____  INTERROGATORIES

_____  REQUEST FOR PRODUCTION OF DOCUMENTS     By: _____

_____                                              ·   Deputy Clerk


                                                 PATRICK R JACKSON
                                                     Attorney



# FILE COPY


Exhibit A

baileyb                                                          CPCC.CV.3101300

# Long-Arm Citation

GRAHAM  ORR, ET AL                      NO. 634637 – A
      VS                                STATE OF LOUISIANA
QUEST LOGISTICS LLC, ET AL              PARISH OF CADDO
                                        FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:     DAVID ROWLAND

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days after you have received these
documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the
Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within THIRTY
(30) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date January 10, 2022.

      *Also attached are the following:          **MIKE SPENCE, CLERK OF COURT**

_____  REQUEST FOR ADMISSIONS OF FACTS

_____  INTERROGATORIES

_____  REQUEST FOR PRODUCTION OF DOCUMENTS     By: _____

_____                                               Deputy Clerk


                                           PATRICK R JACKSON
                                          _____
                                                Attorney


# FILE COPY

Exhibit A

balleyb

CPCC.CV.3101342

# Citation

Effective 1-1-2022

GRAHAM ORR, ET AL
    VS
QUEST LOGISTICS LLC, ET AL

NO. 634637– A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    CINCINNATI INSURANCE COMPANY
THRU, LOUISIANA SECRETARY OF STATE, AGENT
8585 ARCHIVES AVE
BATON ROUGE, LA
70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE (21) days, a judgment may be entered against you. Please be aware of Louisiana House Bill 164 (Act 174) of the 2021 legislative session which changed prescription periods for answering. The full text of this bill can be found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date January 10, 2022.

    *Also attached are the following:    **MIKE SPENCE, CLERK OF COURT**

PATRICK R JACKSON

Attorney

# FILE COPY

Exhibit A

NO. _**634637 · A**_

GRAHAM ORR
AND
SARAH VOLLMER

VERSUS

QUEST LOGISTICS, LLC,
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY

1ST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

## REQUEST FOR NOTICE

Petitioners, GRAHAM ORR and SARAH VOLLMER, respectfully requests that

undersigned counsel be given at least ten (10) days written notice, in advance, in

accordance with the provisions of Article 1572 of the Louisiana Code of Civil Procedure,

of the date that this case is to be fixed for trial.

Petitioner further requests that undersigned counsel be given written notice of the

rendition of any interlocutory order or judgment in this case, pursuant to Article 1914 of

the Louisiana Code of Civil Procedure.

Respectfully Submitted:

Patrick R. Jackson
Louisiana State Bar Roll No. 25722
Patrick R. Jackson, APLC
4442 Viking Dr., #100
Bossier City, LA  71111
Telephone: (318) 752-3335
Facsimile: (318) 752-3315
ATTORNEY FOR PETITIONERS

PGS ___ 1 ___ EXH ____ MIN ____
CC ___ CP ___ MAIL ___ N/J ___
INDEX ___ REC ___ FAX ___
W/D DOC ___ CERT MAIL ___
SERVICE ___

$ ___ FILED
JAN 07 2022

9



<span style="color:red">Exhibit A</span>

balleyb                                                                                    CPCC.CV.3101342

# Citation

Effective 1-1-2022



GRAHAM ORR, ET AL                          NO. 634637– A
          VS                                STATE OF LOUISIANA
QUEST LOGISTICS LLC, ET AL                  PARISH OF CADDO
                                            FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    CINCINNATI INSURANCE COMPANY
                               THRU, LOUISIANA SECRETARY OF STATE, AGENT
                               8585 ARCHIVES AVE
                               BATON ROUGE, LA
                               70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have
received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of
this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-
ONE (21) days, a judgment may be entered against you. Please be aware of Louisiana House Bill 164 (Act
174) of the 2021 legislative session which changed prescription periods for answering. The full text of
this bill can be found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date January 10, 2022.

        *Also attached are the following:            MIKE SPENCE, CLERK OF COURT

                                              By: _____
        _____                                          Deputy Clerk


                                                    PATRICK R JACKSON
                                              _____
                                                        Attorney

-----------------------------------------------------------------------------------------------
SERVICE INFORMATION:                 Date _____

Personal _____  Domiciliary _____ to _____

Unserved _____  because _____

Remarks _____
                                           I made service on the named party through the

                                           Office of the Secretary of State on

        _____              JAN 1 9 2022
              Deputy Sheriff
                                           by tendering a copy of this document to:
                                              JULIE NESBITT

                                              DY. M. LOCKWOOD #0803
                                           Deputy Sheriff, Parish of East Baton Rouge, LA


        |||||||||||||||||||||||||||||||||||||||||||||||||||||||

                                                        FILED
                                                    SHERIFF RETURN

                                                    JAN 27 2022
                                                     MIKE SPENCE

                                                    CLERK OF COURT



GRAHAM ORR                                      NO. 634,637 – A
AND
SARAH VOLLMER

VERSUS                                          1ST JUDICIAL DISTRICT COURT

QUEST LOGISTICS, LLC,
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY                               CADDO PARISH, LOUISIANA

### AFFIDAVIT OF LONGARM SERVICE UNDER LA.R.S. 13:3205

     BEFORE ME, the undersigned Notary, personally came and appeared Kelli Watson,

who after being duly sworn did depose and state the following:

    1) She is employed by Patrick R. Jackson, APLC, and certifies that she did
       mail, via First Class U.S. Mail, Certified Mail, Return Receipt Number,
       7020 0090 0000 6752 4378, the certified copy of the *Petition for Damages*
       in this matter on, January 18, 2022, with sufficient postage attached to,
       David Rowland, defendant, in an envelope addressed to defendant at the
       following address:

             David Rowland
           1935 Red Coach Road
           North Canton, OH 44720

    2)   She attaches as Exhibit "A" the U.S. Postal Service Certified Mail
       receipt as proof of service showing delivery of that envelope to
       defendant on January 25, 2022.

                                  Kelli Watson

    SWORN TO AND SUBSCRIBED before me on February 1st 2022, in Bossier

City, Louisiana.

                    Joy C. Mitchell, Notary Public
                    Bossier Parish, Louisiana
                    My Commission is For Life

JOY C. MITCHELL
Notary Public
No. 154814
State of Louisiana
Commission for Life

PGS 2 EXH ___ MIN ___
CC ___ CP ___ MAIL ___ NIJ ___
INDEX ___ REC ___ FAX ___
W/D DOC ___ CERT MAIL ___
SERVICE ___

$___ FILED
FEB 02 2022
DEPUTY CLERK OF COURT
CADDO PARISH

Exhibit A

**Tracking Number:** 70200090000067524378

Your item was delivered to an individual at the address at 1:22 pm on January 25, 2022 in NORTH CANTON, OH 44720.

USPS Tracking Plus™ Available

# Delivered, Left with Individual

January 25, 2022 at 1:22 pm
NORTH CANTON, OH 44720



Exhibit A

GRAHAM ORR                          NO. 634,637 – A
AND
SARAH VOLLMER

VERSUS                              1ST JUDICIAL DISTRICT COURT

QUEST LOGISTICS, LLC,
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY                   CADDO PARISH, LOUISIANA

<u>AFFIDAVIT OF LONGARM SERVICE UNDER LA.R.S. 13:3205</u>

  BEFORE ME, the undersigned Notary, personally came and appeared Kelli Watson,

who after being duly sworn did depose and state the following:

  1) She is employed by Patrick R. Jackson, APLC, and certifies that she did
mail, via First Class U.S. Mail, Certified Mail, Return Receipt Number,
7020 0090 0000 6752 4361, the certified copy of the *Petition for Damages*
in this matter on, January 18, 2022, with sufficient postage attached, to
Randall Rings, Registered Agent for Process of Service OBO True North
Companies, LC, defendant, in an envelope addressed to defendant at the
following address:

Randall Rings, Registered Agent<br>
True North Companies, LC<br>
500 1st Street SE<br>
Cedar Rapids, IA 52401

  2)  She attaches as Exhibit "A" the U.S. Postal Service Certified Mail
receipt as proof of service showing delivery of that envelope to
defendant on January 25, 2022.

Kelli Watson

  SWORN TO AND SUBSCRIBED before me on February 1st 2022, in Bossier

City, Louisiana.

Joy C. Mitchell, Notary Public<br>
Bossier Parish, Louisiana<br>
My Commission is For Life

PGS 2  EXH  MIN 1
CC  CP  MAIL  N/J
INDEX  REC  FAX
W/D DOC  CERT MAIL
SERVICE

JOY C. MITCHELL
Notary Public
No. 164814
State of Louisiana
Commission for Life

$ 75  FILED

FEB 02 2022

STEPHEN FEAZEL
DEPUTY CLERK OF COURT
CADDO PARISH

<span style="color:red">Exhibit A</span>



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee  $ 3.75
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $
☐ Return Receipt (electronic)  $ 3.05
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required  $
☐ Adult Signature Restricted Delivery  $
Postage  $ .93
Total Postage and Fees  $ 7.73

Sent To  Randall Rings
Street and Apt. No., or PO Box No. 501 1st St SE
City, State, ZIP+4®  Cedar Rapids IA 52401

Postmark
JAN 18 2022
BOSSIER CITY, LA
USPS 71111

7020 0090 0000 6752 4361

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Randall Rings, Registered Agent
True North Companies, LC
501 1st St SE
Cedar Rapids IA 52401

9590 9402 5912 0049 7377 44

2. Article Number (Transfer from service label)
7020 0090 0000 6752 4361

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:  ☐ No

500 1st St SE

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

**Exhibit A**



# PATRICK R. JACKSON

### (A PROFESSIONAL LAW CORPORATION)
Licensed in Louisiana and Texas

4442 Viking Drive, Suite 100
Bossier City, Louisiana 71111
E-Mail: prjackson@bossierlawoffice.com

Telephone: (318) 752-3335
Facsimile: (318) 752-3315
Toll Free: (800) 757-3335

February 1, 2022

Mr. Mike Spence
Caddo Parish Clerk of Court
501 Texas Street, #103
Shreveport, Louisiana 71101

Re:   *Graham Orr and Sarah Vollmer v. Quest Logistic, LLC, David Rowland,*
      *True North Companies, LC, and The Cincinnati Insurance Company;*
      *1st Judicial District Court, Caddo Parish, Louisiana;*
      *Docket No. 634,637 - A*

Dear Mr. Spence:

Enclosed please find an original and one (1) copy of the *Affidavit of Longarm Service* upon defendant, **True North Companies, LC,** under L.A.R.S. 13:3205.

Also, please find the enclosed original and one (1) copy of the *Affidavit of Longarm Service* upon defendant, **Quest Logistics, LLC,** under L.A.R.S. 13:3205.

Lastly, please find enclosed an original and one (1) copy of the *Affidavit of Longarm Service* upon defendant, **David Rowland,** under L.A.R.S. 13:3205.

Please file each original *Affidavit of Longarm Service* and return one 'filed stamped' copy of each *Affidavit* to me in the provided return envelope. I also have enclosed my firm check in the amount of $75.00 to cover your fees associated with this request.

In the event you have any questions, please do not hesitate to give me a call.

Very truly yours,

Patrick R. Jackson

PRJ/kkw

Enclosures

<span style="color:red">Exhibit A</span>

GRAHAM ORR                              NO. 634,637 – A
AND
SARAH VOLLMER

VERSUS                                  1ST JUDICIAL DISTRICT COURT

QUEST LOGISTICS, LLC,
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY                       CADDO PARISH, LOUISIANA

### AFFIDAVIT OF LONGARM SERVICE UNDER LA.R.S. 13:3205

BEFORE ME, the undersigned Notary, personally came and appeared Kelli Watson,

who after being duly sworn did depose and state the following:

1) She is employed by Patrick R. Jackson, APLC, and certifies that she did
mail, via First Class U.S. Mail, Certified Mail, Return Receipt Number,
7020 0090 0000 6752 4354, the certified copy of the *Petition for Damages*
in this matter on, January 18, 2022, with sufficient postage attached, to Bill
Zenk, Registered Agent for Process of Service OBO Quest Logistics, LLC,
defendant, in an envelope addressed to defendant at the following address:

Bill Zenk, Registered Agent
Quest Logistics, LLC
500 1st Street SE
Cedar Rapids, IA 52401

2) She attaches as Exhibit "A" the U.S. Postal Service Certified Mail
receipt as proof of service showing delivery of that envelope to
defendant on January 25, 2022.

Kelli Watson

SWORN TO AND SUBSCRIBED before me on February 1st 2022, in Bossier

City, Louisiana.

Joy C. Mitchell, Notary Public
Bossier Parish, Louisiana
My Commission is For Life

JOY C. MITCHELL
Notary Public
No. 164814
State of Louisiana
Commission for Life

PGS 2  EXH ___ MIN ___
CC ___ CP ___ MAIL ___ N/J ___
INDEX ___ REC ___ FAX ___
W/D DOC ___ CERT MAIL ___
SERVICE ___

$ ___ FILED
FEB 02 2022

STEPHEN FEAZEL
DEPUTY CLERK OF COURT
CADDO PARISH

Exhibit A





<span style="color:red">Exhibit A</span>

GRAHAM ORR                          NO. 634,637 – A
AND
SARAH VOLLMER

VERSUS                              1ST JUDICIAL DISTRICT COURT

QUEST LOGISTICS, LLC,
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY                  ·   CADDO PARISH, LOUISIANA

## FIRST AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, GRAHAM

ORR and SARAH VOLLMER, persons of the full age and majority and residents of

Harrison County, Texas, who with respect represents:

1.

Plaintiffs incorporate all allegations of their original Petition for Damages as set

forth therein filed January 7, 2022 (**attached as Exhibit 1**).

2.

Plaintiffs show that they are entitled to freely amend their Petition for Damages

without leave of court, under La. C.C.P. art. 1151, as they have not been served with an

answer to said Petition for Damages at the time of this filing.

3.

Named as Petitioners herein are the following:

A.   GRAHAM ORR, a person of the full age of majority, domiciled in Longview,
     Harrison County, Texas.

B.   SARAH VOLLMER, a person of the full age of majority, domiciled in
     Longview, Harrison County, Texas.

4.

Named Defendants herein are the following:

A.   QUEST LOGISTICS, LLC, a limited liability company organized pursuant
     to the laws of the State of Iowa and whose registered agent for process of
     service is: Bill Zenk, 500 1st Street SE, Cedar Rapids, IA 52401;

PGS ___ EXH ___ MIN ___
CC ___ CP ___ MAIL ___ N/J ___
INDEX ___ REC ___ FAX ___
W/D DOC ___ CERT MAIL ___
SERVICE ___

$650 FILED

FEB 02 2022

DEPUTY CLERK OF COURT
CADDO PARISH

Exhibit A

B.      DAVID ROWLAND, a person of the full age of majority, domiciled in North Canton, Stark County, Ohio, who may be served at 1935 Red Coach Rd., North Canton, OH 44720;

C.      TRUE NORTH COMPANIES, LC a foreign insurance company organized pursuant to the laws of the State of Iowa and whose registered agent for process of service is: Randall Rings, 501 1st Street SE, Cedar Rapids, IA 52401;

D.      THE CINCINNATI INSURANCE COMPANY, a foreign insurance company organized pursuant to the laws of the State of Ohio and who may be served through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809; and

E.      ZURICH AMERICAN INSURANCE COMPANY, a foreign insurance company organized pursuant to the laws of the State of New York and who may be served through the Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809; and

5.

The collision herein complained of occurred:

A.      On I-20 east bound near the Monkhouse Drive entrance ramp;

B.      In Shreveport, Caddo Parish, Louisiana;

C.      On or about January 16, 2021, at approximately 11:15 a.m.

6.

Jurisdiction is proper in this Honorable Court as the acts and omissions complained of herein occurred in the Parish of Caddo and State of Louisiana.

7.

Petitioner GRAHAM ORR shows that at all pertinent times on January 16, 2021, he was traveling east bound on Interstate 20, in Shreveport, Caddo Parish, Louisiana, operating his 2004 GMC Yukon, VIN 1GKEC13V14R258625, with his passenger, Petitioner SARAH VOLLMER, and slowed his vehicle for a funeral precession which had entered east bound Interstate 20 via the Monkhouse Dr. east bound entrance ramp.

8.

Petitioner ORR stated that he observed the funeral procession entering east bound Interstate 20 via the east bound Monkhouse Dr. entrance ramp and slowed his vehicle

2

Exhibit A

behind a 2021 KIA Soul, being driven by JoAnn Frierson, who had also slowed for the funeral precession.

9.

Petitioners show that at all pertinent times on January 16, 2021, Defendant, DAVID ROWLAND (hereinafter "Defendant Rowland"), was the owner of and was operating a 2020 Freightliner Cascadia, VIN 3AKJHHDRXLSKR7511, bearing Kentucky license plate number 50515T, and towing a trailer owned by Defendant, QUEST LOGISTICS, LLC (hereinafter "Defendant Quest"), bearing US DOT number 3410791.  Defendant Rowland's tractor-trailer was directly behind Petitioner ORR'S vehicle on Interstate 20, when he failed to observe the slowed vehicles.  Suddenly and without warning, Defendant Rowland's vehicle struck the rear of Petitioner ORR'S vehicle, causing injuries and damages to Petitioners, ORR and VOLLMER.

10.

Upon information and belief, Defendant, DAVID ROWLAND, was in the course and scope of his employment with Defendant, QUEST LOGISTICS, LLC, an Iowa limited liability company.

11.

Upon information and belief, Defendant, TRUE NORTH COMPANIES, LC (hereinafter "Defendant True North"), at all times relevant herein, had in full force and effect liability insurance policy number NTL4295256, under which it agreed to pay claims for damages caused by its insured, Defendant, QUEST LOGISTICS, LLC and/or Defendant DAVID ROWLAND.

12.

Upon information and belief, Defendant, ZURICH AMERICAN INSURANCE COMPANY (hereinafter "Defendant Zurich"), at all times relevant herein, had in full force and effect liability insurance policy number NTL4295256, under which it agreed to pay

3

Exhibit A

claims for damages caused by its insured, Defendant, QUEST LOGISTICS, LLC and/or Defendant DAVID ROWLAND.

13.

Upon further information and belief, Defendant, THE CINCINNATI INSURANCE COMPANY (hereinafter "Defendant Cincinnati Insurance"), at all times relevant herein, had in full force and effect liability insurance policy number EBA0576583, under which it agreed to pay claims for damages caused by its insured, Defendant, QUEST LOGISTICS, LLC and/or Defendant DAVID ROWLAND.

14.

Petitioners ORR and VOLLMER allege that Defendant ROWLAND was negligent in the following non-exclusive list of particulars:

A. In failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

B. In failing to stop;

C. In failing to maintain his vehicle under control;

D. Driving in an inattentive or distracted state;

E. Driving his vehicle in a dangerous, wanton and reckless manner;

F. In failing to observe Petitioner's vehicle;

G. In failing to give proper and adequate warning of the approaching of his motor vehicle although such warning was necessary to ensure the safe operation of Defendant's motor vehicle;

H. In failing to veer left or right to avoid the collision;

I. In failing to act as a reasonable or prudent driver would have acted under similar circumstances;

J. Inattention to the flow of traffic and failing to keep a proper look out; and

K. Other acts of negligence known to Defendant Rowland and to be proven at the trial of this matter.

4

**Exhibit A**

Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Petitioners' injuries and damages.

15.

Defendant, QUEST LOGISTICS, LLC, is vicariously liable for the torts of its employees, such as DAVID ROWLAND, acting in the course and scope of their employment.

16.

As a result of the aforementioned collision, Petitioner ORR has suffered and will continue to suffer personal injuries and physical pain for an indefinite period of time, both mental and physical together with the disability to engage in normal social and physical activities and he fears such conditions will be permanent.

17.

As a result of the aforementioned collision, Petitioner VOLLMER has suffered and will continue to suffer personal injuries and physical pain for an indefinite period of time, both mental and physical together with the disability to engage in normal social and physical activities and she fears such conditions will be permanent.

18.

As a result of the aforementioned collision and the injuries sustained therein, Petitioner ORR has incurred damages which he itemizes as follows:

A.    Past, present and future medical expenses;

B.    Past, present and future pain, suffering, mental anguish, distress and loss of social functions;

C.    Past, present and future loss of wages and loss of earning capacity; and

D.    Past, present and future loss of ability to engage in his normal and usual social, recreational and family activity.

Exhibit A

19.

As a result of the aforementioned collision and the injuries sustained therein, Petitioner VOLLMER has incurred damages which she itemizes as follows:

A.   Past, present and future medical expenses;

B.   Past, present and future pain, suffering, mental anguish, distress and loss of social functions;

C.   Past, present and future loss of wages and loss of earning capacity; and

D.   Past, present and future loss of ability to engage in her normal and usual social, recreational and family activity.

20.

Petitioner ORR further desires that this Honorable Court award general damages unto Petitioner ORR to compensate him for pain, suffering, inconvenience and mental anguish that he has suffered and will continue to suffer as a result of the aforementioned collision.

21.

Petitioner VOLLMER further desires that this Honorable Court award general damages unto Petitioner VOLLMER to compensate her for pain, suffering, inconvenience and mental anguish that she has suffered and will continue to suffer as a result of the aforementioned collision.

22.

Petitioner ORR further shows that his damages, past, present, and future, were caused by the negligence of Defendant ROWLAND, who is liable for the compensation of said damages along with his employer and the owner of the trailer, QUEST LOGISTICS.

23.

Petitioner VOLLMER further shows that her damages, past, present, and future, were caused by the negligence of Defendant ROWLAND, who is liable for the

**Exhibit A**

compensation of said damages along with his employer and the owner of the trailer, QUEST LOGISTICS.

24.

Petitioner ORR further shows that he incurred damages to his vehicle involved in the incident, his 2004 GMC Yukon, VIN 1GKEC13V14R258625, and that Defendants ROWLAND and QUEST LOGISTICS are liable unto him for such damages.

25.

It will be necessary to use medical witnesses and/or expert witnesses of various fields at the trial of this case and that their respective fees together with any expenses for taking of their respective depositions should be fixed and taxed against Defendants herein as costs.

WHEREFORE, PETITIONERS PRAY THAT:

1.    Defendants be served with a copy of this Petition and be cited to appear and answer the same;

2.    Defendants be directed to produce and file into Court, within the delays allowed by law for pleading to this Petition, the following documents;

      A.    All statements taken from Petitioners;

      B.    All photographs taken of the vehicles involved;

      C.    All photographs taken at the scene of the collision; and

      D.    Any and all policies of public liability or property damage insurance covering this collision.

3.    After due proceedings are had, that this Honorable Court render judgment herein in favor of Petitioners, GRAHAM ORR and SARAH VOLLMER, and against Defendants, DAVID ROWLAND, QUEST LOGISTICS, LLC, TRUE NORTH INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, and THE CINCINNATI INSURANCE COMPANY, at their cost for such sums as this Honorable

7

Exhibit A

Court may direct and/or for any award justified under law for the damages sustained by

Petitioners as a result of this subject collision;

4.   Expert and medical witnesses' fees to be fixed and taxed as costs; and

5.   For all general and equitable relief.

Respectfully submitted,

_D. R. G (w/ Permission)_

Patrick R. Jackson
Louisiana State Bar Roll No. 25722
Patrick R. Jackson, APLC
4442 Viking Dr., #100
Bossier City, LA 71111
(318) 752-3335
(318) 752-3315 (facsimile)
ATTORNEY FOR PETITIONERS

**PLEASE SERVE:**

DAVID ROWLAND
1935 Red Coach Rd.
North Canton, OH 44720

QUEST LOGISTICS, LLC
Through Its Registered Agent:
Bill Zenk
500 1st Street SE
Cedar Rapids, IA 52406

TRUE NORTH COMPANIES, LC
Through Its Registered Agent:
Randall Rings
500 1st Street SE
Cedar Rapids, IA 5240

ZURICH AMERICAN INSURANCE COMPANY
Through the Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

AND

THE CINCINNATI INSURANCE COMPANY
Through the Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

Exhibit A

GRAHAM ORR                            NO. 634, 637 – A
AND
SARAH VOLLMER

VERSUS                                1ST JUDICIAL DISTRICT COURT

QUEST LOGISTICS, LLC,
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY                     CADDO PARISH, LOUISIANA

## ORDER

The foregoing Petition considered:

IT IS HEREBY ORDERED that Defendants be served with a copy of this Petition

and cited to appear and answer same.

IT IS FURTHER ORDERED that Defendants produce and file into Court, within

the delays allowed by law, the following documents:

A.    All statements taken from Petitioner;

B.    All photographs taken of the vehicles involved;

C.    All photographs taken at the scene of the collision; and

D.    Any and all policies of public liability or property damage insurance covering
      this collision.

Shreveport, Caddo Parish, Louisiana, this the 3rd day of Feb. , 2022.

_____
DISTRICT JUDGE

9

Exhibit A

LOUISIANA CIVIL CASE REPORTING
Civil Case Cover Sheet – LA. R.S. 13:4688 and
Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

Graham Orr and Sarah Vollmer   vs.   Quest Logistics, LLC, David Rowland, True North Companies, LC, and The Cincinnati Insurance Company

634637 · A

**Court:** 1st Judicial District                    **Docket Number:**

**Parish of Filing:** Caddo                          **Filing Date:** _____

**Name of Lead Petitioner's Attorney:** Patrick R. Jackson

JAN 07 2022

**Name of Self-Represented Litigant:** N/A

**Number of named petitioners:** 2     **Number of named defendants:** 4

**Type of Lawsuit:** Please check the category which most appropriately apply to this suit (no more than 3 categories should be checked):

X Auto: Personal Injury                    X Auto: Property Damage
___ Auto: Wrongful Death                  ___ Auto: Uninsured Motorist
___ Asbestos: Property Damages           ___ Asbestos: Personal Injury/Death
___ Product Liability                     ___ Premise Liability
___ Intentional Bodily Injury            ___ Intentional Property Damage
___ Intentional Wrongful Death           ___ Unfair Business Practice
___ Business Tort                        ___ Fraud
___ Defamation                           ___ Professional Negligence
___ Environmental Tort                   ___ Medical Malpractice
___ Intellectual Property                ___ Toxic Tort
___ Legal Malpractice                    ___ Other Tort (describe below)
___ Other Professional Malpractice       ___ Class action (nature of case)
___ Wrongful Death                       _____
___ General Negligence                   _____

**Please briefly describe the nature of the litigation in one sentence of additional detail:** Automobile collision causing property damages and personal injury.

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name: Patrick R. Jackson           Signature: _____

Address: 4442 Viking Dr., #100, Bossier City, LA 71111

Phone Number: 318-752-3335         E-mail address: pjackson@bossierlawoffice.com

**PLAINTIFF'S EXHIBIT**
**1**

Exhibit A

634677 ·A

GRAHAM ORR                              NO._____
AND
SARAH VOLLMER

VERSUS                                  1ST JUDICIAL DISTRICT COURT

QUEST LOGISTICS, LLC,
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY                       CADDO PARISH, LOUISIANA

<u>PETITION FOR DAMAGES</u>

The Petition of GRAHAM ORR, Individually, and SARAH VOLLMER,

Individually, hereinafter referred to as "Petitioners," respectfully represents the following:

1.

Named as Petitioners herein are the following:

A.   GRAHAM ORR, a person of the full age of majority, domiciled in Longview,
     Harrison County, Texas.

B.   SARAH VOLLMER, a person of the full age of majority, domiciled in
     Longview, Harrison County, Texas.

2.

Named Defendants herein are the following:

A.   QUEST LOGISTICS, LLC, a limited liability company organized pursuant
     to the laws of the State of Iowa and whose registered agent for process of
     service is: Bill Zenk, 500 1st Street SE, Cedar Rapids, IA 52401;

B.   DAVID ROWLAND, a person of the full age of majority, domiciled in North
     Canton, Stark County, Ohio, who may be served at 1935 Red Coach Rd.,
     North Canton, OH 44720;

C.   TRUE NORTH COMPANIES, LC a foreign insurance company organized
     pursuant to the laws of the State of Iowa and whose registered agent for
     process of service is: Randall Rings, 501 1st Street SE, Cedar Rapids, IA
     52401; and

D.   THE CINCINNATI INSURANCE COMPANY, a foreign insurance
     company organized pursuant to the laws of the State of Ohio and who may
     be served through the Louisiana Secretary of State, 8585 Archives Ave.,
     Baton Rouge, LA 70809.

1

Exhibit A

3.

The collision herein complained of occurred:

A.    On I-20 east bound near the Monkhouse Drive entrance ramp;

B.    In Shreveport, Caddo Parish, Louisiana;

C.    On or about January 16, 2021, at approximately 11:15 a.m.

4.

Jurisdiction is proper in this Honorable Court as the acts and omissions complained of herein occurred in the Parish of Caddo and State of Louisiana.

5.

Petitioner GRAHAM ORR shows that at all pertinent times on January 16, 2021, he was traveling east bound on Interstate 20, in Shreveport, Caddo Parish, Louisiana, operating his 2004 GMC Yukon, VIN 1GKEC13V14R258625, with his passenger, Petitioner SARAH VOLLMER, and slowed his vehicle for a funeral precession which had entered east bound Interstate 20 via the Monkhouse Dr. east bound entrance ramp.

6.

Petitioner ORR stated that he observed the funeral procession entering east bound Interstate 20 via the east bound Monkhouse Dr. entrance ramp and slowed his vehicle behind a 2021 KIA Soul, being driven by JoAnn Frierson, who had also slowed for the funeral precession.

7.

Petitioners show that at all pertinent times on January 16, 2021, Defendant, DAVID ROWLAND (hereinafter "Defendant Rowland"), was the owner of and was operating a 2020 Freightliner Cascadia, VIN 3AKJHHDRXLSKR7511, bearing Kentucky license plate number 50515T, and towing a trailer owned by Defendant, QUEST LOGISTICS, LLC (hereinafter "Defendant Quest"), bearing US DOT number 3410791.  Defendant Rowland's tractor-trailer was directly behind Petitioner ORR'S vehicle on Interstate 20,

2

Exhibit A

when he failed to observe the slowed vehicles. Suddenly and without warning, Defendant Rowland's vehicle struck the rear of Petitioner ORR'S vehicle, causing injuries and damages to Petitioners, ORR and VOLLMER.

8.

Upon information and belief, Defendant, DAVID ROWLAND, was in the course and scope of his employment with Defendant, QUEST LOGISTICS, LLC, an Iowa limited liability company.

9.

Upon information and belief, Defendant, TRUE NORTH COMPANIES, LC (hereinafter "Defendant True North"), at all times relevant herein, had in full force and effect liability insurance policy number NTL4295256, under which it agreed to pay claims for damages caused by its insured, Defendant, QUEST LOGISTICS, LLC and/or Defendant DAVID ROWLAND.

10.

Upon further information and belief, Defendant, THE CINCINNATI INSURANCE COMPANY (hereinafter "Defendant Cincinnati Insurance"), at all times relevant herein, had in full force and effect liability insurance policy number EBA0576583, under which it agreed to pay claims for damages caused by its insured, Defendant, QUEST LOGISTICS, LLC and/or Defendant DAVID ROWLAND.

11.

Petitioners ORR and VOLLMER allege that Defendant ROWLAND was negligent in the following non-exclusive list of particulars:

A. In failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

B. In failing to stop;

C. In failing to maintain his vehicle under control;

D. Driving in an inattentive or distracted state;

3

Exhibit A

E.   Driving his vehicle in a dangerous, wanton and reckless manner;

F.   In failing to observe Petitioner's vehicle;

G.   In failing to give proper and adequate warning of the approaching of his motor vehicle although such warning was necessary to ensure the safe operation of Defendant's motor vehicle;

H.   In failing to veer left or right to avoid the collision;

I.   In failing to act as a reasonable or prudent driver would have acted under similar circumstances;

J.   Inattention to the flow of traffic and failing to keep a proper look out; and

K.   Other acts of negligence known to Defendant Rowland and to be proven at the trial of this matter.

Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Petitioners' injuries and damages.

12.

Defendant, QUEST LOGISTICS, LLC, is vicariously liable for the torts of its employees, such as DAVID ROWLAND, acting in the course and scope of their employment.

13.

As a result of the aforementioned collision, Petitioner ORR has suffered and will continue to suffer personal injuries and physical pain for an indefinite period of time, both mental and physical together with the disability to engage in normal social and physical activities and he fears such conditions will be permanent.

14.

As a result of the aforementioned collision, Petitioner VOLLMER has suffered and will continue to suffer personal injuries and physical pain for an indefinite period of time, both mental and physical together with the disability to engage in normal social and physical activities and she fears such conditions will be permanent.

4

Exhibit A

15.

As a result of the aforementioned collision and the injuries sustained therein, Petitioner ORR has incurred damages which he itemizes as follows:

A.    Past, present and future medical expenses;

B.    Past, present and future pain, suffering, mental anguish, distress and loss of social functions;

C.    Past, present and future loss of wages and loss of earning capacity; and

D.    Past, present and future loss of ability to engage in his normal and usual social, recreational and family activity.

16.

As a result of the aforementioned collision and the injuries sustained therein, Petitioner VOLLMER has incurred damages which she itemizes as follows:

A.    Past, present and future medical expenses;

B.    Past, present and future pain, suffering, mental anguish, distress and loss of social functions;

C.    Past, present and future loss of wages and loss of earning capacity; and

D.    Past, present and future loss of ability to engage in her normal and usual social, recreational and family activity.

17.

Petitioner ORR further desires that this Honorable Court award general damages unto Petitioner ORR to compensate him for pain, suffering, inconvenience and mental anguish that he has suffered and will continue to suffer as a result of the aforementioned collision.

18.

Petitioner VOLLMER further desires that this Honorable Court award general damages unto Petitioner VOLLMER to compensate her for pain, suffering, inconvenience and mental anguish that she has suffered and will continue to suffer as a result of the aforementioned collision.

5

Exhibit A

19.

Petitioner ORR further shows that his damages, past, present, and future, were caused by the negligence of Defendant ROWLAND, who is liable for the compensation of said damages along with his employer and the owner of the trailer, QUEST LOGISTICS.

20.

Petitioner VOLLMER further shows that her damages, past, present, and future, were caused by the negligence of Defendant ROWLAND, who is liable for the compensation of said damages along with his employer and the owner of the trailer, QUEST LOGISTICS.

21.

Petitioner ORR further shows that he incurred damages to his vehicle involved in the incident, his 2004 GMC Yukon, VIN 1GKEC13V14R258625, and that Defendants ROWLAND and QUEST LOGISTICS are liable unto him for such damages.

22.

It will be necessary to use medical witnesses and/or expert witnesses of various fields at the trial of this case and that their respective fees together with any expenses for taking of their respective depositions should be fixed and taxed against Defendants herein as costs.

WHEREFORE, PETITIONERS PRAY THAT:

1.      Defendants be served with a copy of this Petition and be cited to appear and answer the same;

2.      Defendants be directed to produce and file into Court, within the delays allowed by law for pleading to this Petition, the following documents;

    A.      All statements taken from Petitioners;

    B.      All photographs taken of the vehicles involved;

    C.      All photographs taken at the scene of the collision; and

6

Exhibit A

D. Any and all policies of public liability or property damage insurance covering this collision.

3. After due proceedings are had, that this Honorable Court render judgment herein in favor of Petitioners, GRAHAM ORR and SARAH VOLLMER, and against Defendants, DAVID ROWLAND, QUEST LOGISTICS, LLC, TRUE NORTH INSURANCE COMPANY, and THE CINCINNATI INSURANCE COMPANY, at their cost for such sums as this Honorable Court may direct and/or for any award justified under law for the damages sustained by Petitioners as a result of this subject collision;

4. Expert and medical witnesses' fees to be fixed and taxed as costs; and

5. For all general and equitable relief.

Respectfully submitted,

Patrick R. Jackson
Louisiana State Bar Roll No. 25722
Patrick R. Jackson, APLC
4442 Viking Dr., #100
Bossier City, LA 71111
(318) 752-3335
(318) 752-3315 (facsimile)
ATTORNEY FOR PETITIONERS

PLEASE SERVE:

DAVID ROWLAND
1935 Red Coach Rd.
North Canton, OH 44720

QUEST LOGISTICS, LLC
Through Its Registered Agent:
Bill Zenk
500 1st Street SE
Cedar Rapids, IA 52406

TRUE NORTH COMPANIES, LC
Through Its Registered Agent:
Randall Rings
500 1st Street SE
Cedar Rapids, IA 5240

7

<span style="color:red">Exhibit A</span>

AND

THE CINCINNATI INSURANCE COMPANY
Through the Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

8

GRAHAM ORR                          NO._____
AND
SARAH VOLLMER

VERSUS                              1ST JUDICIAL DISTRICT COURT

QUEST LOGISTICS, LLC,
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY                  CADDO PARISH, LOUISIANA

## REQUEST FOR NOTICE

Petitioners, GRAHAM ORR and SARAH VOLLMER, respectfully requests that undersigned counsel be given at least ten (10) days written notice, in advance, in accordance with the provisions of Article 1572 of the Louisiana Code of Civil Procedure, of the date that this case is to be fixed for trial.

Petitioner further requests that undersigned counsel be given written notice of the rendition of any interlocutory order or judgment in this case, pursuant to Article 1914 of the Louisiana Code of Civil Procedure.

Respectfully Submitted:

Patrick R. Jackson
Louisiana State Bar Roll No. 25722
Patrick R. Jackson, APLC
4442 Viking Dr., #100
Bossier City, LA  71111
Telephone: (318) 752-3335
Facsimile: (318) 752-3315
ATTORNEY FOR PETITIONERS

9

**Exhibit A**

GRAHAM ORR                                      NO._____
AND
SARAH VOLLMER

VERSUS                                          1ST JUDICIAL DISTRICT COURT

QUEST LOGISTICS, LLC,
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY                               CADDO PARISH, LOUISIANA

<u>ORDER</u>

The foregoing Petition considered:

IT IS HEREBY ORDERED that Defendants be served with a copy of this Petition

and cited to appear and answer same.

IT IS FURTHER ORDERED that Defendants produce and file into Court, within

the delays allowed by law, the following documents:

A.     All statements taken from Petitioner;

B.     All photographs taken of the vehicles involved;

C.     All photographs taken at the scene of the collision; and

D.     Any and all policies of public liability or property damage insurance covering
       this collision.

Shreveport, Caddo Parish, Louisiana, this the _____ day of _____, 2022.


_____
DISTRICT JUDGE

10

Exhibit A

# PATRICK R. JACKSON

(A PROFESSIONAL LAW CORPORATION)
Licensed in Louisiana and Texas

4442 Viking Drive, Suite 100
Bossier City, Louisiana 71111
E-Mail: pjackson@bossierlawoffice.com

Telephone: (318) 752-3335
Facsimile: (318) 752-3315
Toll Free: (800) 757-3335

February 1, 2022

### *Via Hand Delivery*

Mr. Mike Spence
Caddo Parish Clerk of Court
501 Texas St., #103
Shreveport, LA  71101

Re:   *Graham Orr and Sarah Vollmer v. Quest Logistic, LLC, David Rowland,*
      *True North Companies, LC, and The Cincinnati Insurance Company;*
      **1st Judicial District Court, Caddo Parish, Louisiana**

Dear Mr. Spence:

Enclosed please find the original and six (6) copies of the *First Amended and Supplemental Petition for Damages* in the above referenced case.  Please file the original, return a "filed" stamped copy to me, and use the other copies for service as follows:

DAVID ROWLAND
1935 Red Coach Rd.
North Canton, OH 44720

QUEST LOGISTICS, LLC
Through Its Registered Agent:
Bill Zenk
500 1st Street SE
Cedar Rapids, IA 52406

TRUE NORTH COMPANIES, LC
Through Its Registered Agent:
Randall Rings
500 1st Street SE
Cedar Rapids, IA 5240

Exhibit A

ZURICH AMERICAN INSURANCE COMPANY
Through the Louisiana Secretary of State
, 8585 Archives Ave.
Baton Rouge, LA 70809

AND

THE CINCINNATI INSURANCE COMPANY
Through the Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

I have also enclosed my check in the amount of $650.00 to cover your fees in this regard.  In the event you have any questions, please do not hesitate to give me a call.

Very truly yours,

for Patrick R. Jackson

PRJ/kkw

Enclosures

Cc:    Goudarzi & Young *(Via facsimile @ 1-900-843-2026 w/ enclosures)*

Exhibit A

breanet                                                                      CPCC.CV.J159746

# Long-Arm Citation

GRAHAM  ORR, ET AL                          NO. 634637 – A
       VS                                  STATE OF LOUISIANA
QUEST LOGISTICS LLC, ET AL                  PARISH OF CADDO
                                            FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:     TRUE NORTH COMPANIES LC


YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days after you have received these
documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the
Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within THIRTY
(30) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date February 3, 2022.

     *Also attached are the following:          **MIKE SPENCE, CLERK OF COURT**

_____   REQUEST FOR ADMISSIONS OF FACTS

_____   INTERROGATORIES

_____   REQUEST FOR PRODUCTION OF DOCUMENTS     By: _____

  XX      FIRST AMENDED AND SUPPLEMENTAL              Deputy Clerk
_____   PETITION FOR DAMAGES


                                      _____PATRICK JACKSON_____
                                             Attorney

# FILE COPY

Exhibit A

brennet

CPCC.CV.3159761

# Long-Arm Citation

GRAHAM ORR, ET AL
         VS
QUEST LOGISTICS LLC, ET AL

NO. 634637 – A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:     QUEST LOGISTICS LLC

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within THIRTY (30) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date February 3, 2022.

|  | *Also attached are the following: | **MIKE SPENCE, CLERK OF COURT** |
| --- | --- | --- |
| _____ | REQUEST FOR ADMISSIONS OF FACTS | |
| _____ | INTERROGATORIES | |
| _____ | REQUEST FOR PRODUCTION OF DOCUMENTS | By: _____ |
| XX | FIRST AMENDED AND SUPPLEMENTAL | Deputy Clerk |
| _____ | PETITION FOR DAMAGES | |

_____
PATRICK JACKSON
Attorney

# FILE COPY

Exhibit A

breanet

CPCC.CV.3159779

# Long-Arm Citation

GRAHAM ORR, ET AL
VS
QUEST LOGISTICS LLC, ET AL

NO. 634637 – A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:   DAVID ROWLAND

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within THIRTY (30) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date February 3, 2022.

*Also attached are the following:

| | |
|---|---|
| _____ | REQUEST FOR ADMISSIONS OF FACTS |
| _____ | INTERROGATORIES |
| _____ | REQUEST FOR PRODUCTION OF DOCUMENTS |
| XX | FIRST AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES |

**MIKE SPENCE, CLERK OF COURT**

By: _____

Deputy Clerk

PATRICK JACKSON
Attorney

# FILE COPY

Exhibit A

breanet                                                                    CPCC.CV.J159811

# Citation

Effective 1-1-2022

GRAHAM  ORR, ET AL                          NO. 634637– A
      VS                              STATE OF LOUISIANA
QUEST LOGISTICS LLC, ET AL                  PARISH OF CADDO
                                            FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    CINCINNATI INSURANCE COMPANY
                               THRU HONORABLE SECRETARY OF STATE
                               BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE (21) days, a judgment may be entered against you. Please be aware of Louisiana House Bill 164 (Act 174) of the 2021 legislative session which changed prescription periods for answering. The full text of this bill can be found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date February 3, 2022.

    *Also attached are the following:           **MIKE SPENCE, CLERK OF COURT**

XX    FIRST  AMENDED  AND  SUPPLEMENTAL
      PETITION FOR DAMAGES

                                          PATRICK JACKSON
                                            Attorney

# FILE COPY

Exhibit A

breanet                                                                    CPCC.CV.3159829

# Citation

### Effective 1-1-2022

GRAHAM  ORR, ET AL                          NO. 634637– A
    VS                                STATE OF LOUISIANA
QUEST LOGISTICS LLC, ET AL                  PARISH OF CADDO
                                            FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:   ZURICH AMERICAN INSURANCE COMPANY
                              THRU HONORABLE SECRETARY OF STATE
                              BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have
received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of
this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-
ONE (21) days, a judgment may be entered against you. Please be aware of Louisiana House Bill 164 (Act
174) of the 2021 legislative session which changed prescription periods for answering. The full text of this
bill can be found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date February 3, 2022.

    *Also attached are the following:            **MIKE SPENCE, CLERK OF COURT**

XX   FIRST  AMENDED  AND  SUPPLEMENTAL
_____  PETITION FOR DAMAGES

                                        _____
                                            PATRICK JACKSON
                                                Attorney

# FILE COPY

Exhibit A

breanet                                                                                    CPCC.CV.3159829

# Citation

Effective 1-1-2022

39.36
50

GRAHAM ORR, ET AL                          NO. 634637– A
    VS                                     STATE OF LOUISIANA
QUEST LOGISTICS LLC, ET AL                 PARISH OF CADDO
                                           FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:    ZURICH AMERICAN INSURANCE COMPANY
                               THRU HONORABLE SECRETARY OF STATE
                               BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have
received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of
this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-
ONE (21) days, a judgment may be entered against you. Please be aware of Louisiana House Bill 164 (Act
174) of the 2021 legislative session which changed prescription periods for answering.  The full text of
this bill can be found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date February 3, 2022.

        *Also attached are the following:          MIKE SPENCE, CLERK OF COURT

XX   FIRST   AMENDED   AND   SUPPLEMENTAL
_____   PETITION FOR DAMAGES
                                               By: _____
                                                          Deputy Clerk

                                                   _____
                                                        PATRICK JACKSON
                                                   _____
                                                             Attorney

------------------------------------------------------------------------------------

SERVICE INFORMATION:          Date _____

Personal _____ Domiciliary _____ to _____

Unserved _____ because _____

Remarks _____
                                          I made service on the named party through the

                                          Office of the Secretary of State on

              _____      FEB 1 4 2022
                    Deputy Sheriff         by tendering a copy of this document to:
                                               JULIE NESBITT
                                          _____
                                               DY. M. LOCKWOOD #0803
                                          Deputy Sheriff, Parish of East Baton Rouge, LA

            |||||||||||||||||||||||||||||||||||||          FILED
                                                       SHERIFF RETURN

                                                       FEB 2 2 2022

                                                        MIKE SPENCE
                                                   _____
                                                     CLERK OF COURT


Exhibit A

breanet

CPCC.CV.3159811

# Citation

Effective 1-1-2022



GRAHAM ORR, ET AL
VS
QUEST LOGISTICS LLC, ET AL

NO. 634637– A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:   CINCINNATI INSURANCE COMPANY
THRU HONORABLE SECRETARY OF STATE
BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE (21) days, a judgment may be entered against you. Please be aware of Louisiana House Bill 164 (Act 174) of the 2021 legislative session which changed prescription periods for answering.  The full text of this bill can be found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date February 3, 2022.

*Also attached are the following:

| XX | FIRST AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES |

MIKE SPENCE, CLERK OF COURT

By: _____

Deputy Clerk

PATRICK JACKSON

Attorney

------------------------------------------------------------

SERVICE INFORMATION:          Date _____

Personal _____ Domiciliary _____ to _____

Unserved _____ because _____

Remarks _____

_____
Deputy Sheriff

I made service on the named party through the Office of the Secretary of State on

**FEB 1 4 2022**

by tendering a copy of this document to:
JULIE NESBITT

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, LA

**FILED**
SHERIFF RETURN

**FEB 2 2 2022**

MIKE SPENCE
_____
CLERK OF COURT

Exhibit A

GRAHAM ORR                          NO. 634,637 – A
AND
SARAH VOLLMER

VERSUS                              1ST JUDICIAL DISTRICT COURT

QUEST LOGISTICS, LLC,
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY                   CADDO PARISH, LOUISIANA

### AFFIDAVIT OF LONGARM SERVICE UNDER LA.R.S. 13:3205

BEFORE ME, the undersigned Notary, personally came and appeared Kelli Watson,

who after being duly sworn did depose and state the following:

1) She is employed by Patrick R. Jackson, APLC, and certifies that she did mail, via First Class U.S. Mail, Certified Mail, Return Receipt Number, 7020 1810 0002 2271 0175, the certified copy of the *First Amended and Supplemental Petition for Damages* in this matter on, February 8, 2022, with sufficient postage attached to, David Rowland, defendant, in an envelope addressed to defendant at the following address:

David Rowland
1935 Red Coach Road
North Canton, OH 44720

2) She attaches as Exhibit "A" the U.S. Postal Service Certified Mail receipt as proof of service showing delivery of that envelope to defendant on February 14, 2022.

Kelli Watson

SWORN TO AND SUBSCRIBED before me on February _23_ 2022, in Bossier

City, Louisiana.

Joy C. Mitchell, Notary Public
Bossier Parish, Louisiana
My Commission is For Life



JOY C. MITCHELL
Notary Public
No. 154814
State of Louisiana
Commission for Life

PGS,___ EXH _3_ MIN ___
CC ____ CP ____ MAIL ___ N/J ___
INDEX ____ REC ____ FAX ___
W/D DOC ____ CERT MAIL ___
SERVICE ____

$___ **FILED**

FEB 2 5 2022

CODVIN ROBERSON
DEPUTY CLERK OF COURT
CADDO PARISH

Exhibit A



Exhibit A

# USPS Tracking®

FAQs ⟩

Track Another Package ✛

**Tracking Number:** 70201810000222710175

Remove ✕

Your item was delivered to an individual at the address at 7:12 pm on February 16, 2022 in CANTON, OH 44714.

USPS Tracking Plus® Available ⌄

## ✔ Delivered, Left with Individual

February 16, 2022 at 7:12 pm
CANTON, OH 44714

Get Updates ⌄

| | |
|---|---|
| Text & Email Updates | ⌄ |
| Tracking History | ⌄ |
| USPS Tracking Plus® | ⌄ |
| Product Information | ⌄ |

See Less ⋀

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

Exhibit A



# PATRICK R. JACKSON

(A PROFESSIONAL LAW CORPORATION)
Licensed in Louisiana and Texas

4442 Viking Drive, Suite 100
Bossier City, Louisiana 71111
E-Mail: pjackson@bossierlawoffice.com

Telephone: (318) 752-3335
Facsimile: (318) 752-3315
Toll Free: (800) 757-3335

February 23, 2022

Mr. Mike Spence
Caddo Parish Clerk of Court
501 Texas Street, #103
Shreveport, Louisiana 71101

Re: *Graham Orr and Sarah Vollmer v. Quest Logistic, LLC, David Rowland, True North Companies, LC, and The Cincinnati Insurance Company;*
1st Judicial District Court, Caddo Parish, Louisiana;
**Docket No. 634,637 - A**

Dear Mr. Spence:

Enclosed please find enclosed an original and one (1) copy of the *Affidavit of Longarm Service* upon defendant, **David Rowland**, under L.A.R.S. 13:3205.

Please file the original *Affidavit of Longarm Service* and return a 'filed stamped' copy to me in the provided return envelope. It is also my understanding that there are sufficient funds on file to cover the costs associated with this request. If this is not correct, please contact my office at your first convenience.

In the event you have any questions, please do not hesitate to give me a call.

Very truly yours,

Patrick R. Jackson

PRJ/kkw

Enclosures

<span style="color:red">Exhibit A</span>

1st JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO. 634,637                                              DIV. "A"

GRAHAM ORR AND SARAH VOLLMER

VERSUS

QUEST LOGISTICS, LLC, DAVID ROWLAND, TRUE NORTH COMPANIES, LC,
AND THE CINCINNATI INSURANCE COMPANY

FILED: _____          _____
                                                 DEPUTY CLERK

**ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES AND FIRST AMENDED AND
SUPPLEMENTAL PETITION FOR DAMAGES**

      **NOW INTO COURT**, through undersigned counsel, come defendants, David Rowland,

Quest Logistics, LLC ("Quest Logistics"), and Cincinnati Insurance Company, who file their

Answer to Plaintiff's Petition for Damages ("Petition") and First Amended and Supplement

Petition for Damages as follows:

I.

      The allegations in paragraph 1 of the Petition for Damages, and as supplemented and

amended by paragraph 3 of the First Amended and Supplemental Petition for Damages, relate to

a party other than these defendants; as such, no response is required. To the extent a response is

required, the allegations are denied for lack of sufficient information to justify a belief therein.

II.

      The allegations in paragraph 2 of the Petition for Damages, and as supplemented and

amended by paragraph 4 of the First Amended and Supplemental Petition for Damages, seek to

name the defendants as a party to this litigation. The allegations regarding the status and domicile

of David Rowland are admitted. Furthermore, Quest Logistics admits that it is a foreign limited

liability company doing business in the state of Louisiana. Lastly, Cincinnati Insurance Company

admits that it is a foreign insurer doing business in the state of Louisiana. The remaining allegations

set forth in paragraph 2 of the Petition for Damages, and as supplemented and amended, relate to

a party other than these defendants; as such, no response is required. To the extent a response is

<span style="color:red">Exhibit A</span>

required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

III.

The allegations in paragraph 3 of the Petition for Damages, and as supplemented and amended by paragraph 5 of the First Amended and Supplemental Petition for Damages, are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations in paragraph 4 of the Petition for Damages, and as supplemented and amended by paragraph 6 of the First Amended and Supplemental Petition for Damages, call for a legal conclusion; as such, no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

V.

The allegations in paragraph 5 of the Petition for Damages, and as supplemented and amended by paragraph 7 of the First Amended and Supplemental Petition for Damages, relate to a party other than these defendants; as such, no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations in paragraph 6 of the Petition for Damages, and as supplemented and amended by paragraph 8 of the First Amended and Supplemental Petition for Damages, relate to a party other than these defendants; as such, no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

VII.

Defendants admit that David Rowland was operating a 2020 Freightliner Cascadia, VIN 3AKJHHDRXLSKR7511, and was towing a trailer bearing US DOT number 3410791 on or about January 16, 2021. The remaining allegations in paragraph 7 of the Petition for Damages, and as supplemented and amended by paragraph 9 of the First Amended and Supplemental Petition for Damages, are denied.

Exhibit A

VIII.

The allegations set forth in paragraph 8 of the Petition for Damages, and as supplemented and amended by paragraph 10 of the First Amended and Supplemental Petition for Damages, call for a legal conclusion; therefore, no response is required. To the extent that a response is required, the allegations are denied.

IX.

The allegations in paragraph 9 of the Petition for Damages, and as supplemented and amended by paragraph 11 of the First Amended and Supplemental Petition for Damages, relate to a party other than these defendants; as such, no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

X.

In response to the allegations in paragraph 10 of the Petition for Damages, and as supplemented and amended by paragraph 13 of the First Amended and Supplemented Petition for Damages, Cincinnati Insurance Company admits that it issued a policy of insurance to Quest Logistics. Said policy is a written contract and is the best evidence of its terms, conditions, and coverages, which are pled herein *in extenso*.

XI.

The allegations in paragraph 11 of the Petition for Damages, and as supplemented and amended by paragraph 14 of the First Amended and Supplemental Petition for Damages, including all subparts, are denied.

XII.

The allegations in paragraph 12 of the Petition for Damages, and as supplemented and amended by paragraph 15 of the First Amended and Supplemental Petition for Damages, are denied.

XIII.

The allegations in paragraph 13 of the Petition for Damages, and as supplemented and amended by paragraph 16 of the First Amended and Supplemental Petition for Damages, are denied for lack of sufficient information to justify a belief therein.

Exhibit A

### XIV.

The allegations in paragraph 14 of the Petition for Damages, and as supplemented and amended by paragraph 17 of the First Amended and Supplemental Petition for Damages, are denied for lack of sufficient information to justify a belief therein.

### XV.

The allegations in paragraph 15 of the Petition for Damages, and as supplemented and amended by paragraph 18 of the First Amended and Supplemental Petition for Damages, including all subparts, are denied for lack of sufficient information to justify a belief therein.

### XVI.

The allegations in paragraph 16 of the Petition for Damages, and as supplemented and amended by paragraph 19 of the First Amended and Supplemental Petition for Damages, including all subparts, are denied for lack of sufficient information to justify a belief therein.

### XVII.

The allegations in paragraph 17 of the Petition for Damages, and as supplemented and amended by paragraph 20 of the First Amended and Supplemental Petition for Damages, are denied.

### XVII.

The allegations in paragraph 18 of the Petition for Damages, and as supplemented and amended by paragraph 21 of the First Amended and Supplemental Petition for Damages, are denied.

### XIX.

The allegations in paragraph 19 of the Petition for Damages, and as supplemented and amended by paragraph 22 of the First Amended and Supplemental Petition for Damages, are denied.

### XX.

The allegations in paragraph 20 of the Petition for Damages, and as supplemented and amended by paragraph 23 of the First Amended and Supplemental Petition for Damages, are denied.

Exhibit A

XXI.

The allegations in paragraph 21 of the Petition for Damages, and as supplemented and amended by paragraph 24 of the First Amended and Supplemental Petition for Damages, are denied.

XXII.

The allegations in paragraph 22 of the Petition for Damages, and as supplemented and amended by paragraph 25 of the First Amended and Supplemental Petition for Damages, are denied.

XXIII.

The allegations in paragraph 1 First Amended and Supplemental Petition for Damages appear to adopt and incorporate all allegations set forth in the Petition for Damages. Defendants adopt by reference and incorporate all responses and denials in response as if copied herein *in extenso*.

XXIV.

The allegations in paragraph 2 of the First Amended and Supplemental Petition for Damages call for a legal conclusion; as such, no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations in paragraph 12 of the First Amended and Supplemental Petition for Damages relate to a party other than these defendants; as such, no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations set forth in the plaintiffs' "Wherefore"/Prayer for Relief paragraph are denied.

**AND NOW**, for further answer to plaintiffs' Petition for Damages and First Amended and Supplemental Petition for Damages, David Rowland, Quest Logistics, and Cincinnati Insurance Company affirmatively aver as follows:

Exhibit A

XXVII.

Defendants aver that plaintiffs suffered no injuries from the accident sued upon, or in the alternative, they recovered from any injuries sustained.

XXVIII.

Defendants allege that any injuries allegedly sustained by plaintiffs were totally or partially preexisting and aver that any damages recoverable are limited to those resulting from the aggravation alone and not from the preexisting injuries.

XXIX.

Defendants aver that the damages claimed by plaintiffs were caused by the fault of persons or entities for which defendants have no legal responsibility, including the fault of the petitioners and/or unnamed individual(s), in the following non-exclusive particulars:

a.    Failing to see what she should have seen and react accordingly;

b.    Driving while inattentive or distracted;

c.    Failing to safely and prudently operate the motor vehicle under her/his control at the time of the subject accident;

d.    Failing to operate the vehicle under her/his control as a reasonable person would under the circumstances;

e.    Failing to exercise diligence, care and precaution for the safety of herself/himself;

f.    Not keeping a proper lookout;

g.    Failing to take evasive action with the last clear chance to avoid the accident;

h.    Creating a sudden emergency; and

i.    Any and all other acts of fault and/or negligence that may be proven at the trial of this matter.

XXX.

In the alternative, and only in the event that defendants are found to be at fault for the injuries or accident complained of by petitioners, which at all times is specifically denied, then, in that event, defendants plead the fault of the petitioners and/or third parties, and aver that the fault of the petitioners and/or third parties operate as a complete bar to petitioners' claims, or alternatively, serves to diminish petitioners' claims in proportion to that fault.

Exhibit A

XXXI.

Defendants affirmatively aver that petitioners have failed to mitigate their damages.

XXXII.

Defendants are entitled to a credit for any payments made or future payments made to plaintiffs for damages that plaintiffs claim are related to the subject accident.

XXXIII.

Defendants are entitled to a reduction in damages based on the comparative fault of plaintiffs and any other party named or not named in this lawsuit.

XXXIV.

Defendants affirmatively allege that plaintiffs have no cause or right of action against these defendants.

XXXV.

Defendants affirmatively allege that plaintiffs failed to state a cause of action upon which relief can be granted.

XXXVI.

In the event defendants, or a party or parties for whom defendants may be responsible, are at fault, which is denied, defendants plead the provisions of La R.S 32:866.

XXXVII.

Defendants plead the affirmative defenses of assumption of the risk, last clear chance, and any and all matters which may constitute an affirmative defense.

XXXVIII.

Defendants affirmatively plead the sudden emergency doctrine.

XXXIX.

Defendants expressly reserve their right to assert any cross-claim, reconventional demand, or third-party demand, as well as any additional affirmative defenses, as discovery progresses and additional facts are learned.

Exhibit A

## DEMAND FOR JURY TRIAL

XL.    :

Defendants pray for and are entitled to a trial by jury on all issues so triable.

**WHEREFORE**, defendants David Rowland, Quest Logistics, LLC, and Cincinnati Insurance Company, pray that their Answer to Petition for Damages be deemed good and sufficient, and after due proceedings are had, there be judgment herein in defendants' favor and dismissing plaintiffs' demand, with prejudice, at plaintiffs' cost. Further, defendants pray for all general and equitable relief permitted under Louisiana law.

Respectfully submitted,

**MICHAEL R. SISTRUNK (12111)**
**HEATHER N. SHOCKLEY (33296)**
**McCRANIE, SISTRUNK, ANZELMO,**
**   HARDY, McDANIEL & WELCH, LLC**
195 Greenbriar Boulevard, Suite 200
Covington, Louisiana  70433
Telephone:  (504) 831-0946
Facsimile:  (800) 977-8810
E-Mail:  mrs@mcsalaw.com
              hmn@mcsalaw.com
**Attorneys for Defendants, David Rowland, Quest Logistics, LLC, and Cincinnati Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all known counsel of record by facsimile, email, and/or by placing same in the United States mail, postage prepaid and properly addressed, this 14th day of March, 2022.

HEATHER N. SHOCKLEY

Exhibit A

1st JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO. 634,637                                            DIV. "A"

.GRAHAM ORR AND SARAH VOLLMER

VERSUS

QUEST LOGISTICS, LLC, DAVID ROWLAND, TRUE NORTH COMPANIES, LC,
AND THE CINCINNATI INSURANCE COMPANY

FILED: _____        _____
                                         DEPUTY CLERK

### JURY DEMAND AND ORDER

Considering the timely demand for trial by jury of defendants, David Rowland, Quest

Logistics, LLC, and Cincinnati Insurance Company;

**IT IS ORDERED** that the captioned matter be tried before a jury on its merits, upon the

defendants, David Rowland, Quest Logistics, LLC, and Cincinnati Insurance Company, posting a

Bond for Costs in an amount to be fixed and issued by the Court in a separate order, after this case

is set for trial pursuant to Article 1734 and 1734.1 of the Louisiana Code of Civil Procedure.

_____, Louisiana, this _____ day of _____, 2022.

                              _____
                              JUDGE RAMON LAFITTE
                              J U D G E

ENDORSED FILED
SANDY ROTHELL, DEPUTY CLERK

MAR 21 2022
A TRUE COPY ATTEST

CADDO PARISH DEPUTY CLERK

- 9 -

Exhibit A



$_____ FILED

MAR 21 2022

SANDY ROTHELL
DEPUTY CLERK OF COURT
CADDO PARISH

1st JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

STATE OF LOUISIANA

NO. 634,637                                    DIV. "A"

GRAHAM ORR AND SARAH VOLLMER

VERSUS

QUEST LOGISTICS, LLC, DAVID ROWLAND, TRUE NORTH COMPANIES, LC,
AND THE CINCINNATI INSURANCE COMPANY

FILED: _____          _____
                                              DEPUTY CLERK

## REQUEST FOR NOTICE

Defendants, David Rowland, Quest Logistics, LLC, and Cincinnati Insurance Company, in accordance with the provisions of Article 1571 and 1572 of the Louisiana Code of Civil Procedure, hereby request written notice by mail of the date and time fixed for any trial or hearing related to the above-numbered and captioned matter, whether for exceptions, rules, trial on the merits, or any other proceeding.

In accordance with the provisions of Article 1913 and 1914 of the Louisiana Code of Civil Procedure, written notice is also requested of the signing of any order or judgment relating to any matter, interlocutory or final, in the above numbered and captioned matter.

Respectfully submitted,

_____
MICHAEL R. SISTRUNK (12111)
HEATHER N. SHOCKLEY (33296)
McCRANIE, SISTRUNK, ANZELMO,
   HARDY, McDANIEL & WELCH, LLC
195 Greenbriar Boulevard, Suite 200
Covington, Louisiana 70433
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
E-Mail: mrs@mcsalaw.com
        hmn@mcsalaw.com
Attorneys for Defendants, David Rowland, Quest
Logistics, LLC, and Cincinnati Insurance
Company

- 10 -

Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all known counsel of record by facsimile, email, and/or by placing same in the United States mail, postage prepaid and properly addressed, this 14th day of March, 2022.

_____
HEATHER N. SHOCKLEY

Exhibit A

GRAHAM ORR                          NO. 634,637 – A
AND
SARAH VOLLMER
                                    1ST JUDICIAL DISTRICT COURT
VERSUS

QUEST LOGISTICS, LLC,               CADDO PARISH, LOUISIANA
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY

FILED:_____       _____
                                            DEPUTY CLERK

### ZURICH AMERICAN INSURANCE COMPANY'S ANSWER
### AND AFFIRMATIVE DEFENSES TO ORIGINAL PETITION FOR DAMAGES
### AND FIRST AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Defendant, Zurich American

Insurance Company (hereinafter "Zurich" and/or "Defendant"), who for its Answer to Petition for

Damages ("Original Petition") and First Amended and Supplemental Petition for Damages ("First

Amended Petition") respectfully aver as follows:

### ANSWER TO ORIGINAL PETITION

1.

The allegations contained in Paragraph 1 of Plaintiffs' Original Petition are denied for lack

of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 of Plaintiffs' Original Petition are denied for lack

of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of Plaintiffs' Original Petition are denied for lack

of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of Plaintiffs' Original Petition contain a legal

conclusion for which no answer is required. To the extent an answer is require, the same are denied

for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of Plaintiffs' Original Petition are denied for lack

of sufficient information to justify a belief therein.

PGS _____ EXH _____ MIN _____
CC _____ CP _____ MAIL _____ N/J _____
INDEX _____ REC _____ FAX _____
W/D DOC _____ CERT MAIL _____
SERVICE _____

Caddo Parish          634637
Filed Apr 26, 2022 3:09 PM    A
Sharon Newton
Deputy Clerk of Court
E-File Received Apr 26, 2022 3:01 PM

Exhibit A

6.

The allegations contained in Paragraph 6 of Plaintiffs' Original Petition are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of Plaintiffs' Original Petition are denied.

8.

The allegations contained in Paragraph 8 of Plaintiffs' Original Petition are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of Plaintiffs' Original Petition are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 of Plaintiffs' Original Petition are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of Plaintiffs' Original Petition are denied.

12.

The allegations contained in Paragraph 12 of Plaintiffs' Original Petition contain a legal conclusion for which no answer is required. To the extent an answer is require, the same are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of Plaintiffs' Original Petition are denied.

14.

The allegations contained in Paragraph 14 of Plaintiffs' Original Petition are denied.

15.

The allegations contained in Paragraph 15 of Plaintiffs' Original Petition are denied.

16.

The allegations contained in Paragraph 16 of Plaintiffs' Original Petition are denied.

17.

The allegations contained in Paragraph 17 of Plaintiffs' Original Petition require no answer. To the extent an answer is require, the same are denied.

Exhibit A

18.

The allegations contained in Paragraph 18 of Plaintiffs' Original Petition require no answer. To the extent an answer is require, the same are denied.

19.

The allegations contained in Paragraph 19 of Plaintiffs' Original Petition are denied.

20.

The allegations contained in Paragraph 20 of Plaintiffs' Original Petition are denied.

21.

The allegations contained in Paragraph 21 of Plaintiffs' Original Petition are denied.

22.

The allegations contained in Paragraph 22 of Plaintiffs' Original Petition request relief for which no answer required. To the extent an answer is required, the same are denied.

23.

The allegations of the last unnumbered paragraph, including sub-parts, of Plaintiffs' Original Petition are denied; it being specifically denied that Plaintiffs are entitled to the relief requested, or to any relief whatsoever, whether legal or equitable, against Zurich.

## ANSWER TO FIRST AMENDED AND SUPPLEMENTAL PETITION

Zurich hereby refers to and adopts by reference, as set for *in extenso*, its answer to the allegations of Plaintiffs' Original Petition.

1.

Zurich hereby refers to and adopts by reference, as set for *in extenso*, its answer to the allegations of Plaintiffs' Original Petition in response to the allegations contained in Paragraph 1 of Plaintiffs' First Amended Petition.

2.

The allegations in Paragraph 2 of Plaintiffs' First Amended Petition state a legal conclusion for which no answer is required. To the extent an answer is required, the same are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of Plaintiffs' First Amended Petition are denied for lack of sufficient information to justify a belief therein.

- 3 -

**Exhibit A**

4.

The allegations contained in Paragraph 4 of Plaintiffs' First Amended Petition are denied for lack of sufficient information to justify a belief therein, except to admit that Zurich American Insurance Company is a foreign insurance company who may be served through the Louisiana Secretary of State.

5.

The allegations contained in Paragraph 5 of Plaintiffs' First Amended Petition are denied for lack of sufficient information to justify a belief therein.

6.

The allegations in Paragraph 6 of Plaintiffs' First Amended Petition state a legal conclusion for which no answer is required. To the extent an answer is required, the same are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 6 of Plaintiffs' First Amended Petition are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of Plaintiffs' First Amended Petition are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of Plaintiffs' First Amended Petition are denied.

10.

The allegations contained in Paragraph 10 of Plaintiffs' First Amended Petition are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of Plaintiffs' First Amended Petition are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of Plaintiffs' First Amended Petition are denied, except to admit that Zurich issued Policy No. NTL 4295256-00 (the "Zurich Policy") to Quest Logistics, LLC ("Quest"), which, as a written instrument, is the best and only evidence of its terms,

Exhibit A

conditions, limitations, and/or exclusions, all of which are pled herein, by this reference, as if copied at this point *in extenso*.

13.

The allegations contained in Paragraph 13 of Plaintiffs' First Amended Petition are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of Plaintiffs' First Amended Petition are denied.

15.

The allegations in Paragraph 15 of Plaintiffs' First Amended Petition state a legal conclusion for which no answer is required. To the extent an answer is required, the same are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of Plaintiffs' First Amended Petition are denied.

17.

The allegations contained in Paragraph 17 of Plaintiffs' First Amended Petition are denied.

18.

The allegations contained in Paragraph 18 of Plaintiffs' First Amended Petition are denied.

19.

The allegations contained in Paragraph 19 of Plaintiffs' First Amended Petition are denied.

20.

The allegations contained in Paragraph 20 of Plaintiffs' First Amended Petition request relief for which no answer is required. To the extent an answer is required, the same are denied.

21.

The allegations contained in Paragraph 21 of Plaintiffs' First Amended Petition request relief for which no answer is required. To the extent an answer is required, the same are denied.

22.

The allegations contained in Paragraph 22 of Plaintiffs' First Amended Petition are denied.

23.

The allegations contained in Paragraph 23 of Plaintiffs' First Amended Petition are denied.

24.

The allegations contained in Paragraph 24 of Plaintiffs' First Amended Petition are denied.

Exhibit A

25.

The allegations contained in Paragraph 21 of Plaintiffs' First Amended Petition request relief for which no answer is required. To the extent an answer is required, the same are denied.

26.

The allegations of the last unnumbered paragraph, including sub-parts, of Plaintiffs' First Amended Petition are denied; it being specifically denied that Plaintiffs are entitled to the relief requested, or to any relief whatsoever, whether legal or equitable, against Zurich.

**AFFIRMATIVE DEFENSES**

AND NOW, in further answer to Plaintiffs' Petition for Damages and First Supplemental and Amended Petition for Damages, Zurich asserts the following Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

This action and/or any relief sought by Plaintiffs against Zurich is or may be barred, in whole or in part, because Plaintiffs fail to state facts sufficient to constitute a cause of action against Zurich.

**SECOND AFFIRMATIVE DEFENSE**

This action and/or any relief sought by Plaintiffs against Zurich is or may be barred, in whole or in part, because Plaintiffs, by their acts or omissions to act, waived their rights, or are estopped, to pursue their action.

**THIRD AFFIRMATIVE DEFENSE**

This action and/or any relief sought by Plaintiffs against Zurich is or may be barred, in whole or in part, due to the failure of Plaintiffs to mitigate their damages.

**FOURTH AFFIRMATIVE DEFENSE**

This action and/or any relief sought by Plaintiffs against Zurich is or may be barred, in whole or in part, by the terms, conditions, limitations, provisions, definitions and exclusions of the Zurich insurance contract, if any.

**FIFTH AFFIRMATIVE DEFENSE**

This action and/or any relief sought by Plaintiffs against Zurich is or may be barred, in whole or in part, because Plaintiffs and/or Quest failed to give timely notice of any accidents, occurrences, claims, and/or suits constituting or relating to the claims and/or costs and/or injuries for which Plaintiffs seeks relief.

Exhibit A

### SIXTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs against Zurich is or may be barred, in whole or in part, by the existence of other insurance coverage.

### SEVENTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs against Zurich is or may be barred, in whole or in part, to the extent Plaintiffs have incurred unreasonable and inappropriate costs and/or expenses with regard or in relation to any alleged damages or injuries.

### EIGHTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs against Zurich is or may be barred, in whole or in part, to the extent that Plaintiffs fail or may fail to demonstrate they and/or Quest and/or David Rowland any other person and/or entity has any rights under the Zurich Policy.

### NINTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs against Zurich is or may be barred, in whole or in part, to the extent the claims of Plaintiffs arise from risks not covered by the Zurich Policy.

### TENTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs against Zurich is or may be barred, in whole or in part, to the extent Plaintiffs claim they are owed a duty or obligation by Zurich, which duty or obligation is not expressly provided for in a written Zurich insurance policy.

### ELEVENTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs against Zurich is or may be barred, in whole or in part, and Zurich may be excused from any duty or performance, to the extent Plaintiffs and/or Quest and/or David Rowland and/or any other person and/or entity has failed to satisfy and/or comply with all of the terms, conditions and provisions, and/or to perform all of their obligations under any alleged Zurich insurance policy.

### TWELFTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs is or may be barred, in whole or in part, on the basis of prescription and/or by the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands.

Exhibit A

### THIRTEENTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs is or may be barred, in whole or in part, on the basis that the accident occurred while a covered "auto" was being used to carry people or property in any business, or while a covered "auto" was being used in the business of anyone to whom the "auto" was leased or rented.

### FOURTEENTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs is or may be barred, in whole or in part, on the basis that the alleged accident involving Plaintiffs was caused as a result of their own fault, neglect, actions, and/or omissions which either eliminate or otherwise reduce their recovery based upon his percentage of fault, including open and obvious conditions.

### FIFTEENTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs is or may be barred, in whole or in part, on the basis that Plaintiffs' injuries, if any, pre-existed the alleged accident.

### SIXTEENTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs is or may be barred, in whole or in part, on the basis that the injuries and damages, if any, of Plaintiffs were caused as a result of the negligence or fault of third parties which serve as a bar to or reduction in any recovery from Zurich or its alleged insureds.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This action and/or any relief sought by Plaintiffs against Zurich is or may be barred, in whole or in part, because Zurich may have additional defenses that cannot now be articulated due to the generality of Plaintiffs' pleadings and Zurich's lack of knowledge or information about Plaintiffs' claims. Accordingly, Zurich reserves its right to supplement its answer and to raise additional defenses as may appear after discovery of additional information concerning Plaintiffs' claims.

### REQUEST FOR TRIAL BY JURY

Defendant, Zurich American Insurance Company, is entitled to and hereby requests a trial by jury on all issues.

WHEREFORE, Defendant, Zurich American Insurance Company, prays this Answer be deemed good and sufficient, and that after all due and legal proceedings are had herein, there be judgment in favor of Defendant, dismissing with prejudice the Petition for Damages and First

Exhibit A

Amended and Supplemental Petition for Damages filed in the above-captioned and entitled matter by Plaintiffs, Graham Orr and Saral Vollmer. Defendant further prays for all costs of this proceeding, including reasonable attorney's fees, and for all general and equitable relief as allowed by law.

Respectfully submitted,

SALLEY, HITE, MERCER & RESOR, LLC

DAVID P. SALLEY (#19770)
MARCELLE P. MOULEDOUX (#30339)
JORDAN T. LACOSTE (#39948)
365 Canal Street, Suite 1710
New Orleans, Louisiana 70130
Tel.:   (504) 566-8800
Fax:   (504) 566-8828
Email: dsalley@shmrlaw.com
          mmouledoux@shmrlaw.com
          jlacoste@shmrlaw.com

*Counsel for Zurich American Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on the 26th day of April, 2022, served a copy of the foregoing pleading on counsel for all parties to the proceeding, either by facsimile, hand delivery, email and/or mailing the same by United States Mail, properly addressed, and first class postage prepaid.

- 9 -

Exhibit A

GRAHAM ORR                              NO. 634,637 – A
AND
SARAH VOLLMER
                                        1ST JUDICIAL DISTRICT COURT
VERSUS

QUEST LOGISTICS, LLC,                   CADDO PARISH, LOUISIANA
DAVID ROWLAND, TRUE
NORTH COMPANIES, LC,
AND THE CINCINNATI
INSURANCE COMPANY

FILED:_____
                                        _____
                                        DEPUTY CLERK

### JURY ORDER

    In accordance with C.C.P. Art. 1734.1(A). In lieu of the bond required C.C.P. Art. 1734,

the mover for the Jury Trial shall deposit ~~$3,000.00 for the first day of the trial and $400.00~~ (Cash)

~~per day for each remaining day the trial is estimated to~~ last.  The cash deposit shall be filed with

the Clerk of Court no later than sixty (60) days prior to trial pursuant to La. R.S. 13:3049.1. Notice

of fixing of the deposit shall be served on all parties by the mover.  If the deposit is not timely

made, any other party shall have an additional ten (10) days to make the required deposit.  The

attorney for the mover shall present the receipt for the deposit to the Court prior to commencement

of the trial. Failure to post the cash deposit shall constitute a waiver of a trial by jury.

    _____S'port_____, Louisiana, this _27th_ day of ___April___, 2022.

                                _____
                                JUDGE

Caddo Parish
Filed Apr 26, 2022 3:09 PM
Sharon Newton
Deputy Clerk of Court
E-File Received Apr 26, 2022 3:01 PM

634637
A

Exhibit A